**Prince Joseph BOHANNON, Individually and as Representative of the Estate of Shainel Leigh Bohannon, Deceased, and as Next Friend of Madison Leigh Bohannon; Michael Inman and Gale Inman, Appellants**

v.

**Barry WINSTON, Appellee.**

**No. 09–07–075 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 20, 2007.

Decided Oct. 4, 2007.

**536**

Chad Matthews, Sanes, Matthews & Forester, League City, for appellants.

William J. Sharp, Houston, TX, for appellees.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The trial court dismissed with prejudice the medical malpractice claims brought against Barry Winston, M.D., by Prince Joseph Bohannon, acting individually and in his capacity as the representative of the estate of his deceased wife, Shainel Leigh Bohannon, and as next friend of their child, Madison Leigh Bohannon, and by Shainel's parents, Michael Inman and Gale Inman.[1] In three issues, appellants contend (1) the trial court erred in granting Winston's motion to dismiss and in awarding attorney's fees to Winston, (2) the 120–day deadline for serving an expert report does not apply when the defendant avoids

service of process, and (3) the rule governing service provides an exception for invited delay. On the record filed in this appeal, the trial court reasonably could have found that Winston did not avoid service. Accordingly, we affirm the trial court's order dismissing the suit and awarding attorney's fees to Winston.

■ We apply an abuse of discretion standard in reviewing the trial court's ruling on a motion to dismiss for failure to serve the expert report within 120 days of suit. *Mokkala v. Mead,* 178 S.W.3d 66, 70 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). We defer to the trial court's determinations of fact. *Id.* We review *de novo* questions of law, including the trial court's construction of the applicable statute. *See Lal v. Harris Methodist Fort Worth,* No. 02–06–421 CV, 2007 WL 2012866, at *2 (Tex.App.-Fort Worth July 12, 2007, no pet. h.) (not yet reported). In this case, Winston based his motion to dismiss on Bohannon's failure to serve the experts' reports and curricula vitae within the time required by Section 74.351(a). *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (Vernon Supp.2006). By granting the motion to dismiss, the trial court implicitly found that the appellants served the reports late.

The appellants first brought claims against Winston in a petition filed on April 24, 2006. A civil process request form directed service on Winston at a business address on Peakwood in Houston. In June 2006, the appellants filed copies of their experts' reports and curricula vitae with the trial court, but Winston had not yet been served with citation, and the parties agree that Winston did not receive copies of the reports when appellants filed

---

1. In this opinion, we refer to the appellants collectively as "Bohannon." Their claims against another doctor, Rajender K. Syal, M.D., were severed by agreement and are not now at issue.

them. The constable served Winston on August 29, 2006. Appellants do not dispute that they served the report on Winston more than 120 days after they filed their suit against him. The appellants argue that Winston cannot invoke the 120–day deadline for serving the expert reports because Winston caused the delay in service of process of their original petition.

■ The parties submitted the issue to the trial court on documents and affidavits. Winston's affidavit stated that the Peakwood address was his only place of business in 2006. Winston's receptionist supplied an affidavit stating that she worked for Winston at the Peakwood address from before the date the suit was filed, and that the office closes every Friday at noon. A constable attempted service of citation after noon on Friday, May 24, 2006. The receptionist averred that she accepts deliveries, that she would have been the only person who would have spoken with anyone attempting service of process, and that she did not speak with a constable on that date. She swore that she did not represent to anyone that they had moved their office, that a note on the front door notified patients that they would be moving to a Cypress Station address in the summer of 2006, but that Winston's office continued to operate as usual up to and including November 13, 2006, when she made her affidavit.

Bohannon relied on the constable's return to establish that Winston evaded service of process. The constable attempted service on Winston at the Peakwood address at 3:00 p.m. on May 26, 2006, and noted "moved out to new address." The constable attempted service on Winston at the Cypress Station address at 3:20 p.m. on May 30, 2006, and noted "not moving in for two more months." The return stated "Barry Winston is in between offices now and ... will not be moved in for two more

months" and noted that citation should "reissue in late July to be served then."

■ Bohannon argues the evidence demonstrates that Winston caused the delay in service by placing a sign on the door announcing a change in location that summer and by his office being closed when the constable attempted service. A party who fails to provide a current address for service cannot complain of a delay in actual notice. *Kelly v. Demoss Owners Ass'n*, 71 S.W.3d 419, 424 (Tex.App.-Amarillo 2002, no pet.). Bohannon's reliance on *Kelly* is misplaced for two reasons: first, Winston was not yet a party when the constable attempted service; and second, the address listed with the Board of Medical Examiners was the address where Winston's office was physically located and where service was eventually perfected. There is no evidence that Winston intended to deceive anyone by placing a sign on his door; rather, by all accounts, Winston apparently placed the sign there for the benefit of his patients, and the sign referred to a future event. Bohannon does not controvert the receptionist's assertion that Winston customarily closed the office at noon on Fridays. The two attempts at service here, only one of which was at the correct address, do not compel a finding that the person to be served was actively avoiding service. The trial court could reasonably find as a matter of fact that Winston was not avoiding service.

■ Next, Bohannon argues that the rules of civil procedure provide an exception when service is attempted but not achieved. *See* Tex.R. Civ. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service,

and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just."). The part of Rule 21a upon which Bohannon relies provides the trial court with the discretion to establish a date of service based upon the actual receipt of notice as opposed to the date of constructive delivery. *See id.* It does not speak to extending the deadline for providing service. *See id.*

■ Bohannon also argues that the 120–day requirement under Section 74.351(a) should not apply until after the plaintiff obtains service of process. Because an unserved party has neither a duty to answer nor a right to participate in the suit, Bohannon argues, a plaintiff could theoretically prevent a doctor from objecting to a defective report by serving the report but delaying service of the petition until after the time to object elapsed. Likewise, Bohannon argues, a defendant like Winston may avoid service of process until the 120–day deadline expires. We addressed a similar argument in a case in which the plaintiff deferred taking a default judgment against the defendant, who eventually answered and filed a motion to dismiss. *Smith v. Hamilton,* No. 09–07–128 CV, 2007 WL 1793754, at *1, *3 (Tex.App.-Beaumont June 21, 2007, no pet.) (mem. op.). The trial court denied the motion, and the doctor appealed. *Id.* at *1. We held that Section 74.351 did not provide the trial court with the discretion to grant an extension of time in the absence of an agreement of the parties. *Id.* at *4. The potential for gamesmanship does not vest the courts with the power to legislate; instead, we must apply the statute as it is written and address a party's misconduct in an appropriate manner when it occurs.

The record of this appeal reveals no gamesmanship. We hold that the trial court did not err in failing to grant an extension of time for complying with Section 74.351(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). We overrule the appellants' three issues and affirm the judgment of the trial court.[2]

AFFIRMED.

---

2. The appellants suggest the Court should remand to the trial court for an evidentiary hearing. Because we find no error and affirm the trial court's decision in the case, a remand would be inappropriate. *See generally* Tex.R.App. P. 43.2.