Opinion issued July 17, 2008














     



In The
Court of Appeals
For The
First District of Texas




NO. 01–07–01116–CV




SALIH YILMAZ, M.D., Appellant

V.

EULA MCGREGOR, TOMMIE JAMES, CHARLES JAMES AND ERMA
RUTH ERVIN, AS HEIRS OF THE ESTATE OF LOUIS D. JAMES,
DECEASED, AND LACHUNDA JAMES, Appellees




On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Cause No. 30758




O P I N I O N

          Appellant, Salih Yilmaz, M.D., files this interlocutory appeal from the trial
court’s denial of his motion to dismiss a medical malpractice lawsuit brought by
appellees, Eula McGregor, Tommie James, Charles James, and Erma Ruth Ervin, as
heirs of the Estate of Louis D. James, deceased, and Lachunda James.


 
          In two issues, appellant contends that the trial court erred by denying his
motion to dismiss appellees’ claim, under Texas Civil Practice and Remedies Code
section 74.351,


 because appellees’ expert reports were (1) untimely served and (2)
substantively insufficient.
          We reverse and remand. 
Background
          Appellant was a physician in Navasota, Texas, who provided medical care to
patients at a nursing home, Navasota Nursing and Rehabilitation, L.P. (“NNR”). 
Louis D. James was a 76-year-old patient of appellant and a resident at NNR.
          On the night of December 25, 2005,


 James was allowed to wander outside into the cold. When he was found, NNR personnel contacted appellant, who instructed
that James be transported to the hospital. At the hospital, James presented with a
body temperature of 82 degrees. James was described as emitting a “horrific odor,”
having dried feces on his body and flies swarming about his person, and displaying
malnutrition. Medical personnel were not able to revive him, and James subsequently
died. 
          On January 25, 2006, appellant closed his medical practice, which was located
at 1225 Leake Street in Navasota, Texas. On January 31, 2006, appellant’s medical
license was suspended by the Texas Medical Board for reasons unrelated to the
instant suit. On April 17, 2006, appellant moved to Turkey.
          On July 3, 2006, in his annual statement to the Secretary of State, appellant
changed the address of the principal office of his professional association from “1225
Leake St.—Navasota Prof. Bldg., Navasota, TX 77868” (“Leake Street address”), to
“P.O. Box 302, Navasota, TX 77868.” 
          On December 7, 2006, appellees served, by certified mail, a Notice of Medical
Liability Claim


 to appellant at the Leake Street address. The notice was returned
marked “unclaimed.” 
          On March 9, 2007, appellees filed their original petition, alleging that appellant
breached the standard of care in his treatment of James and that this breach was the
proximate cause of James’s death. On May 9, 2007, appellees attempted to serve
appellant with process at the Leake Street address. The officer’s return states,
“Unserved . . . . No longer works at this address.” On May 21, 2007, appellees
attempted service at appellant’s home at 1015 East Washington Avenue, Navasota,
Texas, which was also returned unserved and with the notation, “No longer lives in
Grimes Co.” Appellees made no further attempts to serve appellant with process until
they sought substituted service through the Secretary of State on August 13, 2007.
          In the interim, on July 6, 2007, which was one day prior to appellees’ statutory
deadline for filing the requisite expert reports,


 appellees allegedly served appellant
with their expert reports. On the certificate of service appended to the expert reports,
appellees’ attorney, Monica Vaughan, attested that she served appellant with the
report at the Leake Street address. In addition, on this same day, appellees filed an
amended petition, to which they appended a certificate of service by Vaughan,
attesting that she had served appellant with the amended petition at the Leake Street
address.
          On August 13, 2007, appellees sought service of process through the Secretary
of State, requesting service of their “original petition” on appellant at the Leake Street
address. Appellees did not include a copy of their expert reports. There is not a
Whitney certificate in the record indicating that process was forwarded to appellant.


 
On September 25, 2007, however, appellant answered the lawsuit. 
          On October 12, 2007, appellant moved to dismiss the suit on the basis that
appellees had failed to timely serve him with an expert report and therefore the trial
court was required to dismiss the suit.


 Specifically, appellant argued that appellees
filed their expert reports at the Leake Street address, a “known wrong address,” at a
time that appellant was not a party to the suit, not having been served with the suit
until August 21, 2007. After appellant was served with the suit, he obtained a copy
of the expert reports on his own from the trial court. Appellant then filed a second
motion to dismiss, alleging in the alternative that the expert reports were
substantively deficient. 
          On November 7, 2007, in their response to the motion to dismiss, appellees
asserted that they complied with section 74.351 when they attempted service at
appellant’s last known addresses and that service of the expert reports should be
imputed to appellant. Appellees appended to their response copies of the expert
reports. According to appellant, appellees’ service of the response on his attorney
constituted the first service of the expert reports on appellant. 
          On the same day, appellees also served on appellant’s attorney an amended
certificate of service, in which Vaughan attested that, in addition to having served
appellant with the expert reports via certified mail at the Leake Street address back
on July 6, 2007, she had also on that day served the expert reports to appellant via
certified mail at “P.O. Box 302, Navasota, TX 77868,” the address that appellant had
on file with the Secretary of State. 
          Also on the same day, by affidavit, Vaughan’s legal assistant Wanda Carte,
attested that she served the expert reports to appellant, via certified mail, at the Leake
Street address and to “P O Box 302.” The record shows certified mail forms bearing
handwritten notations that a mailing occurred to the Leake Street address and to “P.O.
Box 302.”


 The forms lack postmarks and any indication that postage was paid. 
However, the record includes printouts from the United State Postal Service website
showing that an item bearing the same tracking number as shown on each certified
mail form was “Delivered” to “Navasota, Texas, 77868,” on July 10, 2007. There is
no indication of to whom it was given or of who signed for the items at each address. 
There are no return receipts concerning these mailings in the record. Appellant
attested by affidavit that he never received the expert reports in July 2007.
          After a hearing, the trial court denied appellant’s motions to dismiss. The trial
court held that appellant had been properly served, that appellant had waived his right
to object to the expert reports, and that, in the alternative, the expert reports were
sufficient. This appeal ensued.
Standard of ReviewWe review a trial court’s ruling on a motion to dismiss under section 74.351(b)
for an abuse of discretion. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 875 (Tex. 2001); Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez,
237 S.W.3d 869, 871 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). A trial
court abuses its discretion when it “reaches a decision so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law.” In re Bass, 113 S.W.3d 735, 738
(Tex. 2003). “A trial court does not abuse its discretion merely because it decides a
discretionary matter differently than an appellate court would in a similar
circumstance.” Gray v. CHCA Bayshore L.P., 189 S.W.3d 855, 858 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (citing Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)). When reviewing discretionary matters,
we may not substitute our own judgment for that of the trial court. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).
          The ruling in this case requires us to interpret a statute. Statutory interpretation
is a question of law. In re Canales, 52 S.W.3d 698, 701 (Tex. 2001). Questions of
law will be reviewed de novo. See Gutierrez, 237 S.W.3d at 871. 
Timely Service of Expert Reports 
          In his first issue, appellant contends that the trial court erred by denying his
motion to dismiss appellees’ suit because appellees did not timely serve him with an
expert report, as required by Texas Civil Practice and Remedies Code section 74.351.
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351. 
          Pursuant to section 74.351, a plaintiff in a health-care-liability suit must, “not
later than the 120th day after the date the original petition was filed, serve on each
party or the party’s attorney one or more expert reports, with a curriculum vitae of
each expert . . . for each physician or health care provider against whom a liability
claim is asserted.” See id. § 74.351(a). If, as to a defendant physician, an expert
report has not been served within the 120-day period, the trial court must, on the
motion of the affected physician and subject to subsection (c),


 enter an order
dismissing the claim with prejudice and awarding to the physician reasonable
attorney’s fees and costs. Id. § 74.351(b). Each defendant physician whose conduct
is implicated in a report must file and serve any objection to the sufficiency of the
report not later than the 21st day after the date the report was served, otherwise all
objections are waived. Id. § 74.351(a).  
          Here, because appellees filed their lawsuit on March 9, 2007, they were
required to serve one or more expert reports on appellant or appellant’s attorney by
July 9, 2007. See id. § 74.351(a). Appellees assert that they timely served their
expert reports on July 6, 2007. Appellant asserts that he did not receive these reports
on this day. It is undisputed that appellant had not yet been served with citation and
the petition on or before July 6, 2007. Appellant was not served with process until
August 21, 2007. Appellant contends that, therefore, appellees did not serve their
expert reports on a “party” prior to the expiration of the 120-day period, as required. 
See id. § 74.351(a). Hence, the trial court was required, on appellant’s motion, to
dismiss the suit. See id. § 74.351(b)(2).
          Appellees contend that they met their burden when they attempted to serve the
requisite export reports on appellant on July 6, 2007, which was within the 120-day
period from the filing date of their original petition. Appellees contend that the
definition of “party” in section 74.351 should be broadly construed to include
“potential parties.” 
          The plain language of section 74.351(a) provides that a claimant must serve on
each “party or party’s attorney” one or more expert reports no later than the 120th day
after the date the original petition was filed. Id. § 74.351(a). When interpreting a
statute, our objective is to ascertain and follow the legislature’s intent. Sultan v.
Mathew, 178 S.W.3d 747, 749 (Tex. 2005). “To discern that intent, we consider the
objective the law seeks to obtain and consequences of a particular construction.” Id. 
Words and phrases must be read in context and construed according to the rules of
grammar and common usage. TEX. Gov’t Code Ann. § 311.011(a) (Vernon 2005).
The term “party” is not defined in section 74.351. Section 74.001 provides that
“[a]ny legal term or word of art used in this chapter, not otherwise defined in this
chapter, shall have such meaning as is consistent with the common law.” Tex. Civ.
Prac. & Rem. Code Ann. § 74.001(b) (Vernon 2005). 
          To be a “party” to a lawsuit, one generally must be named in the pleadings and
either be served, accept or waive service, or make an appearance. See Ex Parte
Bowers, 886 S.W.2d 346, 349 (Tex. App.—Houston [1st Dist.] 1994, writ dism’d
w.o.j.). Merely being named in a petition as a defendant does not make one a “party”
to the lawsuit. See Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991). A
person who has not been properly served has no duty to participate in the
proceedings. Ross v. Nat’l Ctr. for the Employment of the Disabled, 197 S.W.3d 795,
797–98 (Tex. 2006). 
          We recently considered the definition of the term “party” found in section
74.351 in Poland v. Ott, No. 01-07-00199-CV, 2008 WL 257382 (Tex.
App.—Houston [1st Dist.] Jan. 31, 2008, no pet.) (mem. op., not designated for
publication). There, defendant Dr. Ott moved to dismiss plaintiff Poland’s suit on the
basis that Poland had failed to serve its expert report until 123 days after Poland filed
its suit in the trial court. Id. at *1. Poland conceded the point, but argued that it had
also served its expert report on Dr. Ott’s representative insurer nearly three months
prior to the filing of the suit. Id. at *2. Dr. Ott moved to dismiss Poland’s suit,
arguing that service of the expert reports was untimely. Id. at *3–4. The trial court
agreed and dismissed the suit. Id. 
          On appeal in Poland, we reasoned that the legislature’s use of the terms “party”
and “defendant” in section 74.351 indicated its intent “for this section’s service
requirements to apply only after the filing of a claim in court” because “[o]ne is not
a ‘party’ or a ‘defendant’ until a claim is asserted against one in a suit.” Id. at *6–7
(construing former section 74.351). We concluded that, because a defendant
implicated in an expert report “must file and serve any objection to the sufficiency of
a report not later than the 21st day after the date it was served, failing which all
objections are waived,” there, Dr. Ott could not have timely filed objections to the
report because the deadline would have expired before a proceeding existed in which
that objection could have been filed. Id. at *7. We further concluded that “the 21-day
deadline for a defendant’s objections makes no sense unless a court claim has already
been filed against the defendant.” Id. (recognizing that we must presume that
legislature intended reasonable result). Because the expert report had not been served
upon a party within 120 days of the filing of the suit, we affirmed the trial court’s
dismissal of Poland’s suit. Id. at *8–9. 
          Here, unlike Poland, a lawsuit had been filed in the trial court on the date
appellees assert that they served their expert reports on appellant. However, our
appellant faces much the same dilemma as the defendant in Poland because, here, the
service of the expert reports on July 6, 2007 triggered the 21-day period during which
appellant was required to enter any objections, and our appellant was without a forum
within which to enter his objections before the period closed. Appellant had not yet
been served with the lawsuit, had not accepted or waived service, and had not made
an appearance. See Bowers, 886 S.W.2d at 349. Even if appellant had received the
expert reports, because he was not served with citation and the petition until August
21, 2007, the 21-day period for objecting to the substance of the expert reports
expired before appellant had notice of the suit. 
          Case law on the specific facts presented herein is limited. However, in a recent
case on similar facts, the Thirteenth Court of Appeals considered whether an expert
report served on the defendants prior to service of process was sufficient to comply
with section 74.351 and concluded that it was not. Ramos v. Richardson, Nos. 13-05-204-CV, 13-05-205-CV, 2008 WL 1822763, at *1, 3 (Tex. App.—Corpus Christi
Apr. 24, 2008, no pet.). The court recognized that section 74.351 assumes that the
expert report is served on “a party.” Id. at *3. The court reasoned that a health care
provider should not be required to respond and object to a report before it is served
with a lawsuit because, “[i]f a potential party were required to submit to the trial
court’s jurisdiction before being served, it would be required to waive issues
regarding jurisdiction and service requirements.” Id. The court concluded that a
defendant should not be forced to waive proper service of process to protect its rights
under chapter 74. Id. 
          We agree that, here, even assuming that appellees served appellant with expert
reports on July 6, 2007, such service was prior to service of process on appellant and
was completed at a time in which the trial court did not have personal jurisdiction
over appellant. See In re Sheppard, 193 S.W.3d 181, 189 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (stating that trial court does not have personal jurisdiction over
defendant until defendant has been served, has waived service, or has entered general
appearance). Although appellant later answered subsequent service of process, and
answering a suit dispenses with the necessity for the issuance of formal service of
citation with regard to jurisdiction, appellant was without notice of the suit at the time
the expert reports were filed and had no duty to participate in the suit. See Tex. R.
Civ. P. 121; Ross, 197 S.W.3d at 797–98. Like Ramos, appellant was faced with
waiving proper service of process and jurisdictional issues to protect his rights under
chapter 74. We cannot conclude that this was the legislature’s intent.
          Appellees contend that Texas courts have read the term “party” in section
74.351 expansively, to include healthcare providers against whom a claim has been
brought as well as healthcare providers against whom a claim may be brought. To
support their contention, appellees cite In re Memorial Hermann Hospital System,
209 S.W.3d 835 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) and In re
Raja, 216 S.W.3d 404 (Tex. App.—Eastland 2006, orig. proceeding). These cases
do not stand for the proposition appellees propound. The issue in both cases was
whether Texas Rule of Civil Procedure 202, which generally allows pre-suit
depositions to investigate a claim,


 is restricted by Civil Practice and Remedies Code
section 74.351(s), which provides, with certain exceptions, that until a claimant has
served the expert report as required by 74.351(a) all discovery is stayed,


 and section
74.351(u), which provides that after a claim is filed and until an expert report is
served, all claimants, collectively, may take no more than two depositions.


 Mem’l
Hermann Hosp. Sys., 209 S.W.3d at 837, 839–40; Raja, 216 S.W.3d at 405–06, 409. 
In both cases, the courts reasoned that the statute clearly indicated the legislature’s
intent to condition a claimant’s ability to depose a doctor upon the presentment of a
proper expert report and concluded that section 74.351 controlled. Mem’l Hermann
Hosp. Sys., 209 S.W.3d at 839; and Raja, 216 S.W.3d 406–07. 
          Next, appellees ask this court to impute constructive notice of the service of the
expert reports to appellant. Appellees contend that the record shows that the Secretary
of State sent a letter to appellant at the Leake Street address on July 30, 2007
concerning his professional association’s annual statement and that appellant
answered the letter in October 2007. Appellees contend that this is evidence that
appellant was selectively receiving mail in July 2007, when the expert reports were
sent to the Leake Street address. This fact, even if true, concerns alleged activity
occurring three months after appellees’ attempted service of process and nearly a
month after appellees’ attempted service of the expert reports. Hence, this fact, in and
of itself, which could be explained in myriad ways, is not sufficient evidence for us
to conclude that appellant was selectively answering mail or purposely avoiding
service in this case. 
          Appellees cite Bohannon v. Winston for the proposition that chapter 74.351
requires plaintiffs to serve their expert reports regardless of whether the healthcare
provider has been served the petition and citation in the lawsuit. 238 S.W.3d 535
(Tex. App.—Beaumont 2007, no pet.). In Bohannon, the plaintiffs conceded that
they had failed to serve their expert report within 120 days of the filing of their
original petition. Id. at 537. The plaintiffs argued, however, that the defendant-physician was estopped from invoking the 120-day deadline for the service of expert
reports because the physician has caused the delay in the service of process. Id. The
plaintiffs first attempted to serve the physician with process at his business, but were
unsuccessful because the offices were closed for the day. Id. A note on the
physician’s door stated that the physician would be moving to new offices in the
summer of 2006. Id. The constable noted on the return, “moved out to new address.” 
Id. Testimony showed that the note informed clientele of a future move, but the
existing offices were in regular operation and were simply closed that afternoon. Id.
          The constable then attempted to serve the physician at the new address, but the
petition was again returned unserved, with a notation, “not moving in for two more
months. . . [physician] is in between offices now and . . . will not be moved in for two
more months. . . . [C]itation should reissue in late July to be served then.” Id. The
plaintiffs decided not to serve the citation and petition as well as the expert reports
on the physician until he moved to his new address. Id. 
          On appeal in Bohannan, the plaintiffs argued that a party who fails to provide
a current address for service cannot complain of a delay in actual notice. Id. The
court rejected this reasoning because the doctor was not yet “a party” at the time the
constable attempted service. Id. The court affirmed the trial court’s dismissal of the
suit because the expert reports were not served within the statutory 120-day period. 
Id. at 538. 
          In Bohannan, the plaintiffs had neither served the physician with process nor
with an expert report. We do not read Bohannan as standing for the proposition
appellees assert, namely, that a claimant must serve the expert report even if no
service of process has been achieved. 
          We conclude that the legislature’s use of the term “party” in section 74.351
indicates its intent for this section’s service requirements to apply to a physician or
health care provider who has been served with citation and the petition, has accepted
or waived such service, or has made an appearance. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a); Ross, 197 S.W.3d at 797; Bowers, 886 S.W.2d at 349. 
          Appellees argue that this conclusion will invite gamesmanship on the part of
defendant healthcare providers because the defendant could avoid service of process
of the petition until the 120-day deadline expires. The Beaumont Court of appeals
addressed this same argument in Bohannon and concluded that “[t]he potential for
gamesmanship does not vest the courts with the power to legislate; instead, we must
apply the statute as it is written and address a party’s misconduct in an appropriate
manner when it occurs.” Bohannon, 238 S.W.3d at 538. We agree. Here, there is no
clear evidence of misconduct on the part of appellant, and we must construe the
statute as written. See Sultan, 178 S.W.3d at 749. 
          Accordingly, appellant’s first issue is sustained.



ConclusionWe reverse the order of the trial court denying the motion to dismiss and
remand with instructions to enter an order of dismissal of appellees’ claims against
appellant, with prejudice, and for entry of reasonable attorney’s fees and court costs,
in accordance with Civil Practice and Remedies Code section 74.351(b).
                                                                   
Laura Carter Higley
Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.