Affirmed and Memorandum Opinion filed August 4, 2009








Affirmed and Memorandum Opinion filed August 4, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00550-CV

____________

 

ULYSSES L. ROSEMOND, Appellant

 

V.

 

MAHA KHALIFA AL-LAHIQ, M.D., Appellee

 



 

On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 2007-63425

 



 

M E M O R AN D U M   O P I N I O N

This appeal arises from the trial court=s granting of a
physician=s motion to dismiss health-care liability claims.  The
physician moved to dismiss the claims, alleging that the plaintiff=s medical expert
report was insufficient and not timely served under section 74.351 of the Texas
Civil Practice and Remedies Code.  We affirm.

I.  Factual and Procedural Background








Appellant Ulysses L. Rosemond filed health-care liability
claims against a hospital and appellee physician Maha Khalifa Al-Lahiq.  In his
live petition, dated October 11, 2007, Rosemond claimed that the hospital and
Dr. Al-Lahiq negligently failed to order physical therapy for him during his
hospitalization in September 2007, to prevent the onset of contractures[1]
that he claims caused injuries and damages.  According to the petition, Dr.
Al-Lahiq repeatedly indicated that she ordered physical therapy when questioned
about Rosemond=s developing contractures.

In attempting to comply with section 74.351 of the Texas
Civil Practice and Remedies Code,[2]
Rosemond designated Dr. Howard Katz, a doctor of physical medicine and
rehabilitation, as an expert witness to provide a written expert report and his
curriculum vitae.  Rosemond claimed to have faxed the expert report and
curriculum vitae to both the hospital and Dr. Lahiq=s attorneys on
February 6, 2008, two days before the expiration of the 120-day deadline
imposed in section 74.351(a).  








Dr. Al-Lahiq first filed a motion to dismiss Rosemond=s claims,
asserting that Rosemond did not timely file an expert report in accordance with
section 74.351(a).[3] 
Dr. Al-Lahiq next filed a motion to dismiss Rosemond=s claims and made
that motion subject to the first motion, challenging both Dr. Katz=s qualifications
to provide an opinion in the expert report and the adequacy of the report in
meeting the requirements of section 74.351.[4] 
Dr. Al-Lahiq then filed a supplemental motion to dismiss the claims under
section 74.351, alleging that she was not timely served with the expert report
within 120 days, in anticipation of Rosemond=s claims that two
confirmation pages from a fax machine indicated receipt of the expert reports
that Rosemond claimed to have served on both the hospital and Dr. Al-Lahiq.[5]


The trial court held a hearing on the motions.  The trial
court dismissed Rosemond=s claims in an order entitled, AOrder Sustaining
Defendant, Maha Khalifa Al-Lahiq, M.D.=s Objections to
the Sufficiency of Plaintiff=s Expert Report and Granting Defendant=s Motion for
Dismissal Pursuant to Tex. Civ. Prac. & Rem. Code ' 74.351.@  Rosemond, in
three issues, challenges the trial court=s dismissal of his
claims, claiming the trial court abused its discretion in dismissing the claims
under section 74.351.

II.  Standard of Review








We review a trial court=s ruling on a
motion to dismiss health care liability claims for alleged untimely service under an abuse-of-discretion
standard.  Mokkala v. Mead, 178 S.W.3d 66, 70 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied). 
A trial court=s determination regarding the adequacy of an expert
report is also reviewed under an abuse-of-discretion standard.  See Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001).  The trial court abuses its discretion if it acts arbitrarily,
unreasonably, or without reference to guiding rules or principles.  See
Broders v. Heise, 924 S.W.2d 148, 151 (Tex. 1996); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985). 
An abuse of discretion does not occur merely because the appellate court may
have decided a discretionary matter in a different way than the trial court.  Downer,
701 S.W.2d at 242.  In our review, we defer to the trial court=s factual
determinations, but we review questions of law de novo.  Mokkala, 178 S.W.3d at 70.  To the extent
that resolution of the issue before the trial court requires interpretation of
the statute, we review under a de novo standard.  Id.; see also Univ.
of Tex. Health Sci. Ctr. v. Gutierrez, 237 S.W.3d 869, 871 (Tex. App.CHouston [1st
Dist.] 2007, pet. denied).

III.  Analysis

In its order, the trial court both sustained Dr. Al-Lahiq=s objections to
the sufficiency of the report and granted Dr. Al-Lahiq=s motion for
dismissal under section 74.351.  Rosemond claims in his third issue that if the
basis of the trial court=s dismissal was for Afailure to timely
serve the expert report,@ the trial court abused its discretion in
dismissing the claims because fact issues remain regarding service of the
report under section 74.351. 

Under section 74.351, a claimant, not later than the 120th
day after the date a health-care-liability claim is filed, must serve on each
party one or more expert witness reports addressing liability and causation.  Tex. Civ. Prac. & Rem. Code Ann. '' 74.351(a), (j)
(Vernon 2005); Lewis v. Funderburk, 253 S.W.3d 204, 205 (Tex. 2008). 
Because the term Aserve,@ is not defined in
section 74.351, to fulfill the requirements of section 74.351(a), a claimant
seeking to serve an expert report on a medical care provider under section
74.351(a) must comply with Texas Rule of Civil Procedure 21a, entitled AMethods of
Service.@  Awoniyi v.
McWilliams, 261 S.W.3d 162, 164 (Tex. App.CHouston [14th
Dist.] 2008, no pet.); Gutierrez, 237 S.W.3d at 872.  This rule
authorizes four methods of service upon a party:  (1) by delivery in person, by
agent, or by courier-receipted delivery; (2) by certified or registered mail;
(3) by telephonic document transfer, such as fax; or (4) by any such other
manner as the court directs in its discretion.  Tex. R. Civ. P. 21a; Gutierrez, 237 S.W.3d at 872.  








Under Rule 21a, A[a] certificate by
a party to an attorney of record, or the return of an officer, or the affidavit
of any person showing service of a notice shall be prima facie evidence of the
fact of service.@  Tex. R. Civ. P. 21a; Spiegel
v. Strother, 262 S.W.3d 481, 486 (Tex. App.CBeaumont 2008, no
pet.).  When a party has certified that service was made by telephonic transfer
to the correct number, a rebuttable presumption arises that service was
actually effected and the addressee was served.  See Tex. R. Civ. P. 21a; Thomas v. Ray,
889 S.W.2d 237, 238 (Tex. 1994); Spiegel, 262 S.W.3d at 483; see also
Berger v. King, No. 01-06-00871-CV, 2007 WL 1775991, at *3 (Tex. App.CHouston [1st
Dist.] June 21, 2007, pet. denied) (mem. op.) (involving service by fax under
Rule 21a).  The presumption, however, Avanishes@ when a party
presents verified proof of non-receipt.  See Tex.
R. Civ. P. 21a; Thomas, 889 S.W.2d at 238 (requiring verified
proof of non-receipt); Spiegel, 262 S.W.3d at 483, 484, 486.  Absent
verified proof to the contrary, the presumption has the force of a rule of
law.  Thomas, 889 S.W.2d at 238. 








It is undisputed that the 120-day period in section
74.351(a) expired on February 8, 2008 (hereinafter the AStatutory Deadline@).  The record
contains an affidavit from Rosemond=s trial counsel in
which she affirmed that on February 6, 2008, two days before the Statutory
Deadline, she encountered difficulties in transmitting the expert report, and
accordingly, used another entity=s fax machine.  In
the affidavit, she stated, AThe 15-page report was faxed to Dr.
Al-Lahiq=s attorney, Larry
Thompson at fax number 713-864-4671.  The report was faxed at 4:15 p.m. and was
delivered >o.k.=@  In addition to
attaching Dr. Katz=s expert report and his curriculum vitae,
Rosemond attached to the affidavit two facsimile pages printed from the
borrowed fax machine, which indicate the Aresult@ of AOK,@ as evidence that
Dr. Al-Lahiq and the hospital were served with the expert report before the
expiration of the Statutory Deadline.  Under Rule 21a, this affidavit and the attached fax
confirmation pages filed with the trial court gave rise to a rebuttable
presumption that service was effected.  See Tex. R. Civ. P. 21a; Spiegel, 262 S.W.3d at 486; see also
Berger, 2007 WL 1775991, at *3 (involving notice of hearing faxed to the
correct number as giving rise to presumption under Rule 21a).  However, the Rule 21a
presumption of service vanished because Dr. Al-Lahiq rebutted the presumption
of service by offering evidence of non-receipt.  See Tex. R. Civ. P. 21a; Cliff v.
Huggins, 724 S.W.2d 778, 780 (Tex. 1987) (determining that presumption of
service vanishes upon proof of non-receipt); see also Patel v. Williams,
No. 11-06-00254-CV, 2007 WL 632989, at *3 (Tex. App.CEastland 2007, no
pet.) (involving conflicting evidence as to whether a party achieved service
under Rule 21a of an expert report within the 120-day deadline under section
74.351(a)).  The record reflects that both the hospital and Dr. Al-Lahiq filed
motions to dismiss Rosemond=s claims on the basis that the expert
report was not timely served in accordance with section 74.351(a).  Dr.
Al-Lahiq filed a supplemental motion and attached to it a sworn affidavit from
an information technology administrator in the defense counsel=s law firm asserting
that he reviewed the firm=s electronic logging system, Areceived fax log,@ and Aincoming
electronic faxes.@  The administrator verified that the law
firm received no such document from either of the fax numbers specified by
Rosemond on February 6, 2008, or on the days immediately preceding or following
that date.

After a hearing on the hospital=s motion and Dr.
Al-Lahiq=s motions, the
trial court issued an order sustaining Dr. Al-Lahiq=s objections to
the substantive adequacy of the expert report and granting Dr. Al-Lahiq=s motion to
dismiss.  Although Rosemond established the presumption of timely service, Dr.
Al-Lahiq offered other evidence to rebut the presumption.  See Cliff,
724 S.W.2d at 780; see also Patel, 2007 WL 632989, at *3 (involving
attorneys= affidavits providing conflicting evidence as to
whether a party complied with Rule 21a in serving an expert report within the
120-day deadline set forth in section 74.351(a)).  Consequently, the parties
presented the trial court with conflicting evidence of service under Rule 21a
in accordance with the 120-day deadline imposed by section 74.351(a).  See
Patel, 2007 WL 632989, at *3. 








By filing a motion to dismiss, alleging Rosemond=s failure to serve
the expert report within the 120-day deadline, Dr. Al-Lahiq challenged the
timeliness of service of the expert report.  See id.  The trial court
had the authority to determine on what date the expert report was actually
received.  See Tex. R. Civ. P.
21a (authorizing a trial court to extend time or grant other relief deemed just
upon finding that service under Rule 21a was not received); Bohannon v.
Winston, 238 S.W.3d 535, 537B38 (Tex. App.CBeaumont 2007, no
pet.); see also Patel, 2007 WL 632989, at *3.  Because no findings of
fact or conclusions of law were requested or filed, the trial court=s order is
entitled to additional deference.  See Patel, 2007 WL 632989, at *3. 
We must uphold the trial court=s order on any
legal theory supported by the record.  See Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978); Thoyakulathu v. Brennan, 192 S.W.3d 849, 854 n.6
(Tex. App.CTexarkana 2006, no pet.) (involving a failed fax
transmission in serving an expert report); see also Patel, 2007 WL
632989, at *3.  Likewise, we must imply any necessary fact findings.  See
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); see
also Patel, 2007 WL 632989, at *3.  On this basis, we must imply a
finding that the expert report was not timely served.  See Patel,
2007 WL 632989, at *3 (implying finding of timely service of
expert report under Rule 21a when in the face of attorneys= conflicting
affidavits regarding timely service within 120 days, the trial court did not
make determination of when the report was actually served, but rather denied
the doctor=s motion to dismiss).  

The parties do not dispute the Statutory Deadline.  The
record contains conflicting evidence as to whether Rosemond timely served the
expert report within the deadline set forth in section 74.351(a).  See id. 
Because the trial court granted Dr. Al-Lahiq=s motion to
dismiss, we must infer that the trial court resolved any factual dispute
regarding timely service of the expert report under Rule 21a in favor of Dr.
Al-Lahiq by determining that the expert report was not timely served within the
120-day period prescribed by section 74.351(a).  See id.  As
fact-finder, the trial judge was solely responsible for resolving any conflicts
in the evidence.  See id.  We cannot say that the trial court abused its
discretion in resolving this conflict.  See id. 

Section 74.351(b)(2), provides:

If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by Subsection (a), the
court, on the motion of the affected physician or health care provider, shall
enter an order that








(1)     awards to the affected physician or health
care provider reasonable attorney=s fees and costs of the court incurred by the physician or
health care provider; and

(2)     dismisses the claim with respect to the
physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b)(2)
(Vernon 2005).  Under subsection (b), absent an agreement among the parties for
an extension of time to serve the expert reports, a trial court has no
discretion but to dismiss the case with prejudice and award reasonable attorney=s fees and costs
if a claimant failed to meet the 120-day deadline in subsection (a).  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b);
Rivenes v. Holden, 257 S.W.3d 332, 336 (Tex. App.CHouston [14th
Dist.] 2008, pet. denied) (providing that when an expert report is not timely
served, the trial court must dismiss the case with prejudice under section
74.351(b)); Thoyakulathu, 192 S.W.3d at 852 (involving a failed fax
transmission in serving an expert report within the 120-day deadline).  In this
case, neither the record nor the parties suggest that the parties agreed to an
extension of time in serving the expert report.  See Mokkola, 178 S.W.3d
at 76.  Therefore, the trial court did not abuse its discretion in dismissing
Rosemond=s claims under
section 74.351(b)(2).  See Awoniyi, 261 S.W.3d at 164; Thoyakulathu,
192 S.W.3d at 852; see also Patel, 2007 WL 632989, at *3. 
Accordingly, we overrule Rosemond=s third issue.

Likewise, the trial court did not abuse its discretion in
not allowing thirty days to cure any alleged deficiencies in the report because
the report was not timely filed.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(b)
(providing that a trial court may dismiss claims with prejudice if an expert
report is not timely filed within the period specified by section 74.351(a)); Thoyakulathu,
192 S.W.3d at 852B53 (declining to apply thirty-day
extension to cure deficiencies in an expert report when the report was not
timely served). 
Therefore, we overrule Rosemond=s second issue.








Because we conclude that the trial court did not abuse its
discretion in dismissing the claims based on a determination that the expert
report was not timely filed in accordance with section 74.351(a), we do not
reach the merits of Rosemond=s first issue in which he claims the trial
court abused its discretion in dismissing his claims because the expert report
sufficiently met the requirements of section 74.351(r)(6).  See St Luke=s Episcopal Hosp.
v. Poland, __ S.W.3d __, __ No. 01-06-01038-CV, 2009 WL 350509, at *6 (Tex. App.CHouston [1st
Dist.] Feb. 6, 2009, pet. filed) (op. on reh=g) (declining to
consider whether an expert report was substantively deficient in light of
conclusion that the expert report was not timely filed in accordance with
section 74.351(a) and Rule 21a); Estate of Regis ex Rel. McWashington v.
Harris County Hosp. Dist., 208 S.W.3d 64, 69 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).

The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

 

Panel consists of
Chief Justice Hedges, and Justices Yates and Frost.









[1]  According to Rosemond=s petition, contractures are the Achronic
loss of joint motion due to structural changes in a non-bony tissue@ that can affect any joint in the body.





[2]  Unless otherwise stated, all references in this
opinion to a section are to the corresponding section of the Texas Civil
Practice and Remedies Code.





[3]  In her motion entitled, ADefendant, Maha Khalifa Al-Lahiq, M.D.=s Motion for Dismissal Pursuant to Tex. Civ. Prac.
& Rem. Code ' 74.351,@ and dated February 22, 2008, Dr. Al-Lahiq alleged
that the 120-day deadline for filing an expert report had expired and that
Rosemond did not seek any extension of time to file the report.  The record
also reflects that as of February 18, 2008, the hospital claimed that Rosemond
had not served the hospital with an expert report either and accordingly filed
a motion to dismiss the claims with prejudice.  Rosemond=s claims against the hospital eventually were
dismissed without prejudice. 





[4]  This motion, dated February 26, 2008, was entitled ADefendant, Maha Khalifa Al-Lahiq, M.D.=s Objection to the Sufficiency of the Plaintiff=s Expert Report and Motion to Dismiss Made Subject to
Defendant=s Motion for Dismissal Pursuant to Tex. Civ. Prac.
& Rem. Code ' 74.351.@  In this
motion, Dr. Al-Lahiq moved to dismiss the claims, alleging that the expert
report was both so deficient that it was tantamount to having filed no report
at all and untimely served within the 120-day deadline.





[5]  The supplemental motion included a sworn affidavit
from an information technology administrator, employed by Dr. Al-Lahiq=s counsel, who verified that the law firm=s fax log did not reflect that any such document was
received by the firm between the dates of January 3, 2008, and February 27,
2008.  Although, it is clear from the record that Dr. Al-Lahiq eventually
received the expert report and a curriculum vitae setting forth Dr. Katz=s credentials, it is unclear on what date Dr. Al-Lahiq
received these documents.  The transcript from the hearing reflects that
Rosemond=s attorney claimed to have provided a copy of the
expert report to Dr. Al-Lahiq after Dr. Al-Lahiq filed the initial motion to
dismiss.