

**NUMBER 13-08-00307-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE R. CARRERAS, M.D.,** **Appellant,**

**v.**

**JOSE G. ZAMORA,** **Appellee.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## CONCURRING OPINION

### Before Justices Rodriguez, Garza, and Vela
### Concurring Opinion by Justice Garza

I concur with the Court's judgment, as I believe it is compelled by statutory and case law. However, I write separately to point out that the outcome results in inconsistent treatment between plaintiffs and defendants in health care liability suits and generates an incentive for defendants in such suits to avoid service of process, which the Legislature surely could not have intended.

This conundrum has previously been addressed in *Bohannon v. Winston*, 238 S.W.3d 535 (Tex. App.–Beaumont 2007, no pet.). In that case, the defendant doctor was not served with process within 120 days after the plaintiff's petition was filed. *Id.* at 536-37.

The plaintiff argued that the 120-day time period for serving an expert report should be deemed to commence at the time the defendant is served with process, because otherwise, the defendant could simply avoid service for 120 days, at which point the plaintiff would no longer be able to satisfy the expert report requirement. *Id.* at 538. The *Bohannon* court cited the plain language of the statute in concluding that the time period commences when the petition is filed, not when service of process is effectuated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2008). The court noted specifically that "[t]he potential for gamesmanship does not vest the courts with the power to legislate; instead, we must apply the statute as it is written and address a party's misconduct in an appropriate manner when it occurs." *Bohannon*, 238 S.W.3d at 538.

I agree with that principle, but note that the Legislature could not have intended to permit health-care defendants to unilaterally avoid liability by simply avoiding service of process for four months, which in the context of most litigation is a relatively brief time period. Nor could the Legislature have intended to establish an explicit 120-day time limit for service of process in health care liability cases—it could have easily provided for such a time limit in the statute, yet it chose not to. Instead, courts are compelled to impose that time limit for service of process in such cases because of the language used in the expert report statute and because of the precise definition of "party" as provided in case law. *See, e.g., Yilmaz v. McGregor*, 265 S.W.3d 631, 637 (Tex. App.–Houston [1st Dist.] 2008, pet. denied) ("[T]o be a 'party' to a lawsuit, one must generally be served, accept or waive service, or make an appearance.").

The result is that plaintiffs and defendants in health care liability suits are treated inconsistently, in that a named defendant is not required to respond to an expert report unless the defendant has been served with process, whereas a plaintiff must still serve expert reports on each named defendant within 120 days of filing suit, whether or not the defendant has been served with process. Further, the result gives defendants a strong

2

incentive to delay service of process by whatever means necessary until the 120-day period passes.

To eliminate this particular perverse incentive, and to ensure that plaintiffs and defendants in health care liability suits are treated consistently, the statute should be amended to provide that service of the expert report may be effectuated at the same time as service of process for any named defendant that becomes a "party" to the suit more than 120 days after the petition is filed.

_____
DORI CONTRERAS GARZA,
Justice

Concurring Opinion delivered and
filed this the 13th day of August, 2009.