NUMBER 13-08-00307-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE R. CARRERAS, M.D., Appellant,


v.


JOSE G. ZAMORA, Appellee.

 


On appeal from the County Court at Law No. 6

of Hidalgo County, Texas.

 


CONCURRING OPINION



Before Justices Rodriguez, Garza, and Vela


Concurring Opinion by Justice Garza



 I concur with the Court's judgment, as I believe it is compelled by statutory and case
law. However, I write separately to point out that the outcome results in inconsistent
treatment between plaintiffs and defendants in health care liability suits and generates an
incentive for defendants in such suits to avoid service of process, which the Legislature
surely could not have intended.

 This conundrum has previously been addressed in Bohannon v. Winston, 238
S.W.3d 535 (Tex. App.-Beaumont 2007, no pet.). In that case, the defendant doctor was
not served with process within 120 days after the plaintiff's petition was filed. Id. at 536-37. 
The plaintiff argued that the 120-day time period for serving an expert report should be
deemed to commence at the time the defendant is served with process, because
otherwise, the defendant could simply avoid service for 120 days, at which point the
plaintiff would no longer be able to satisfy the expert report requirement. Id. at 538. The
Bohannon court cited the plain language of the statute in concluding that the time period
commences when the petition is filed, not when service of process is effectuated. See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2008). The court noted
specifically that "[t]he potential for gamesmanship does not vest the courts with the power
to legislate; instead, we must apply the statute as it is written and address a party's
misconduct in an appropriate manner when it occurs." Bohannon, 238 S.W.3d at 538.

 I agree with that principle, but note that the Legislature could not have intended to
permit health-care defendants to unilaterally avoid liability by simply avoiding service of
process for four months, which in the context of most litigation is a relatively brief time
period. Nor could the Legislature have intended to establish an explicit 120-day time limit
for service of process in health care liability cases--it could have easily provided for such
a time limit in the statute, yet it chose not to. Instead, courts are compelled to impose that
time limit for service of process in such cases because of the language used in the expert
report statute and because of the precise definition of "party" as provided in case law. 
See, e.g., Yilmaz v. McGregor, 265 S.W.3d 631, 637 (Tex. App.-Houston [1st Dist.] 2008,
pet. denied) ("[T]o be a 'party' to a lawsuit, one must generally be served, accept or waive
service, or make an appearance.").

 The result is that plaintiffs and defendants in health care liability suits are treated
inconsistently, in that a named defendant is not required to respond to an expert report
unless the defendant has been served with process, whereas a plaintiff must still serve
expert reports on each named defendant within 120 days of filing suit, whether or not the
defendant has been served with process. Further, the result gives defendants a strong
incentive to delay service of process by whatever means necessary until the 120-day
period passes.

 To eliminate this particular perverse incentive, and to ensure that plaintiffs and
defendants in health care liability suits are treated consistently, the statute should be
amended to provide that service of the expert report may be effectuated at the same time
as service of process for any named defendant that becomes a "party" to the suit more
than 120 days after the petition is filed.


 

 DORI CONTRERAS GARZA,

 Justice



Concurring Opinion delivered and 

filed this the 13th day of August, 2009.