**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, Appellant,**

**v.**

**Frank GUTIERREZ, Individually and as Representative of the Estate of Theresa Gutierrez, Deceased, and as next friend of Michelle Gutierrez, a Minor, Amanda Gutierrez, Frank Gutierrez Jr., and Patricia Ramirez, Appellees.**

No. 01–07–00455–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 11, 2007.

Rehearing En Banc Overruled Nov. 20, 2007.

74.351(b) mandates dismissal of this case based on appellees' failure to serve properly UTHSCH with an expert report. *See id.* 74.351(b).

## Background

Appellees brought suit in November of 2005 against multiple medical personnel and Memorial Hermann Hospital, alleging negligent health care and treatment of Theresa Gutierrez resulting in her death after she had sustained injuries in an automobile accident. Within 120 days of filing suit, appellees served upon Dr. Christiane Vogt–Harenkamp, a named defendant and employee of UTHSCH, the required expert report. *See id.* § 74.351(a). UTHSCH was not a party to the suit at that time. The contents of the report are unknown and, apparently, its sufficiency is uncontested. On August 10, 2006, appellees non-suited Vogt–Harenkamp and the other named defendants and substituted UTHSCH as the sole defendant in their medical-negligence claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005). Although UTHSCH received a courtesy copy of the expert report from Vogt–Harenkamp's counsel prior to being named a party, it is undisputed that appellees never served UTHSCH with the report.

In March of 2007, UTHSCH filed a motion to dismiss the case based on appellees' failure to serve it with an expert report as required by section 74.351(a). UTHSCH voluntarily withdrew that motion but, in May, filed an amended motion to dismiss on the same grounds. After a hearing, the trial court denied the motion to dismiss.

UTHSCH brings one issue on appeal: does appellees' failure to serve UTHSCH timely with an expert report result in dismissal of appellees' cause of action?

Matthew Jason Warner, Asst. Atty. Gen., Tort Litigation Division, Austin, for Appellant.

Fritz Barnett, Barnett & Craddock, L.L.P., Houston, Abraham Moss, Moss Law Office, Corpus Christi, for Appellees.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

TIM TAFT, Justice.

The Court's opinion and judgment in the above-referenced appeal issued on October 4, 2007. After due consideration, and within its plenary power, the Court *sua sponte* withdraws its October 4, 2007 opinion and judgment and issues today's opinion and judgment in their stead. *See* TEX. R.APP. P. 19.1 (setting plenary power of courts of appeals).

This is an interlocutory appeal from the denial of appellant's, University of Texas Health Science Center at Houston ("UTHSCH"), motion to dismiss health-care-liability claims brought against it by appellees, Frank Gutierrez, individually and as representative of the estate of Theresa Gutierrez, deceased, and as next friend of Michelle Gutierrez, a minor, Amanda Gutierrez, Frank Gutierrez Jr., and Patricia Ramirez. UTHSCH filed its motion seeking dismissal of appellees' claims on the basis that appellees had failed to serve it with an expert report as required by section 74.351(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2006) (regarding medical-liability claims). We conclude that section

## Statement of Jurisdiction

Jurisdiction is proper in this Court pursuant to section 51.014(a)(9) of the Texas Civil Practice and Remedies Code. *Id.* § 51.014(a)(9) (Vernon Supp.2006). Section 51.014(a)(9) permits the appeal of an interlocutory order from a district court order that "denies all or part of the relief sought by a motion under Section 74.351(b)...." *Id.*

## Standard of Review

■■■■ We generally review rulings on a motion to dismiss under section 74.351(b) for abuse of discretion. *Intracare Hosp. N. v. Campbell,* 222 S.W.3d 790, 794 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (citing *Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,* 208 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.)). The ruling under review in this case concerns a purely legal issue: was UTHSCH served in accordance with section 74.351(a)? We review questions of law *de novo. See id.* at 794–95 (citing *Brown v. Villegas,* 202 S.W.3d 803, 805 (Tex.App.-San Antonio 2006, no pet.)).[1]

## Governing Law

The current version of section 74.351(a) applies to those causes of action that accrued after September 1, 2005. Because appellees' cause of action accrued prior to September 1, 2005, the former version applies. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1–3, 2005 Tex. Gen. Laws 1590. The distinction in the

current version is that the time now runs from the date that the original petition was filed, rather than from the filing of a health-care-liability claim. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Both versions require that the reports be "served" on "each" defendant. Although our analysis is not affected by which version we apply, we cite to that version applicable to appellees' cause of action.

At the time that appellees' cause of action accrued, section 74.351 provided, in pertinent part:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

---

1. *But see Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,* 208 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (describing standard of review of section 74.351(a) ruling as abuse of discretion, although appeal involved issue of statutory interpretation); *Mokkala v. Mead,* 178 S.W.3d 66, 70 (Tex.App.-Houston [14th Dist.] 2005, pet. granted) (same). Nonetheless, a trial

court has no discretion in determining what the law is, which law governs, or how to apply the law. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Accordingly, the standard of review of this particular ruling is the same, regardless of whether it is described as abuse of discretion or *de novo. Intracare Hosp. N. v. Campbell,* 222 S.W.3d 790, 795 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1–3, 2005 Tex. Gen. Laws 1590.

### Construction of Section 74.351

Section 74.351 does not define the term "serve." We look to the Code Construction Act for guidance. *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 459 (Tex.App.-Austin 2006, no pet.). The Code Construction Act states that "'words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.'" *Id.* (quoting Tex. Gov't Code Ann. § 311.011(b) (Vernon 2005)). "Serve" and "served" have distinct and familiar legal meanings. *Id.* (citing Tex.R. Civ. P. 21a). Given the applicability of the Rules of Civil Procedure to health care liability claims, and the use of "serve" and "served" in the statute, we determine that the Legislature intended for claimants to comply with rule 21a to fulfill the requirements of section 74.351(a). *Id.; Kendrick v. Garcia*, 171 S.W.3d 698, 703–04 (Tex.App.-Eastland 2005, pet. denied). This construction is supported by a legislative change that replaced the word "furnish" with "serve." *See Herrera*, 212 S.W.3d at 459.

Prior to the enactment of Chapter 74, medical-liability claims were governed by article 4590i of the Texas Revised Civil Statutes, which required a health-care-liability claimant to *furnish* an expert report within 180 days after the claim was filed. Tex.Rev.Civ. Stat. Ann. art. 4590i,

§ 13.01(d), *repealed by* Act of 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. When the legislature repealed article 4590i in 2003 and enacted Chapter 74, it replaced the word "furnish" with the term "serve." We presume that the Legislature enacted the statutory change with knowledge of existing law. *See Herrera*, 212 S.W.3d at 459 (*citing Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it.")). Therefore, we may also presume its awareness of the meaning attached to the word "serve." *Id.*

Rule 21a authorizes four methods for service upon a party: (1) delivery in person, by agent, or by courier-receipted delivery; (2) certified or registered mail; (3) telephonic document transfer; or (4) such other manner as the court in its discretion may direct. Tex.R. Civ. P. 21a. The party or attorney of record must certify to the court compliance with this rule in writing over signature and on the filed instrument. *Id.*

■ Appellees did not use any of the methods authorized by rule 21a to serve the expert report on UTHSCH before the expiration of the statutory deadline. Appellees argue that service does not have to comply with rule 21a, but, rather, that failure to comply with rule 21a is "fatal to *proving compliance* with the statutory deadline." Appellees urge that proof of compliance is unnecessary here because UTHSCH admitted receiving the expert report. On the contrary, as the court in *Herrera* states:

a party who sends documents to another by [a process] ... which is not authorized by rule 21a **does not comply with the 120–day service requirement in section 74.351.**

*Herrera,* 212 S.W.3d at 459 (internal citations omitted) (emphasis added). Here, appellees did not *send* the report at all. If we accept appellees' argument that actual receipt (from any source) of expert reports prior to suit's being filed, regardless of the manner in which those reports were furnished, meets the requirements of section 74.351, then we must completely disregard legislative intent as evidenced by the replacement of the word "furnish" with the word "serve."

The Legislature has directed that "[i]n interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005). Statutes must be construed as written, and legislative intent determined, if possible, from their express terms. *Simonson v. Keppard,* 225 S.W.3d 868, 879 (Tex.App.-Dallas 2007, no pet.) (citing *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex. 2001)). Chapter 74, in its entirety, rather than provisions in isolation, must be considered, and meaning given to each provision consistent with all others. *Id.*

Courts presume that the entire statute is to be effective and a just and reasonable result is intended. *Id.* Even if a statute is unambiguous, courts may consider the statute's objective; circumstances of its enactment; its legislative history; common law; former statutes; laws on the same or similar subjects; consequences of a particular construction; administrative construction; and title, preamble, and emergency provisions. *Id.* at 880. All words used and omitted are presumed used and omitted purposefully. *Id.* (citing *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981)). When the Legislature adopted Chapter 74, it made several factual findings. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001 historical note (Vernon 2005) [Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847,

884]. These included findings that the number of health-care-liability claims had increased inordinately since 1995, that a medical malpractice crisis existed in Texas, and that this crisis had caused a material adverse effect on the delivery of medical and health care in Texas. *Id.* The Legislature indicated that the purpose of Chapter 74 included reducing the excessive frequency, severity, and costs of health-care-liability claims. *Id.; see also In re Raja,* 216 S.W.3d 404, 406 (Tex.App.-Eastland 2006, pet. filed). Given the express legislative intent of Chapter 74 arid the intentional legislative act of replacing the word "furnish" with "serve" in section 74.351(a), we determine that proper service under rule 21a must occur to effectuate the intent of Chapter 74 as a whole, and section 74.351(a) specifically.

### Service on UTHSCH

■ To the extent that appellees make the argument that service on Dr. Vogt–Harenkamp constituted timely service on UTHSCH, we construe it as limited to the question of whether application of Texas Civil Practice and Remedies Code section 101.106(f) mandates a determination that service on the employee is sufficient service on UTHSCH because it required appellees to dismiss their claims against the employee and to name UTHSCH as the defendant in the employee's stead. Section 101.106 provides:

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the

governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE § 101.106(f) (Vernon 2005). Appellees cite no authority, and we are aware of none, to support the assertion that, because appellees are prohibited from suing both the employee and UTHSCH, they could not be required to serve both. Appellees suggest that, because UTHSCH is limited to vicarious liability for the actions of its employee, there is only one "claim" and, therefore, only one act of service of the expert report was required. We disagree.

Chapter 74 defines "health care provider" as including both a "health care institution" and an "employee" of such an institution acting in the course and scope of his or her employment. *Id.* § 74.001(12)(A)(vii), (B)(ii) (Vernon 2005). Under both chapter 74 and section 101.106, the employee and the health-care provider are treated as separate defendants. A party must name a new defendant, *i.e.,* the governmental unit (here, UTHSCH), if it seeks to continue its claim once the employee files a motion to dismiss. If the employee and the governmental unit were the same defendant, the requirement that a party name the governmental unit as a defendant would be superfluous. UTHSCH and Dr. Vogt–Harenkamp are separate parties, appellees' claims against each are separate, and appellees' service upon Dr. Vogt–Harenkamp thus did not satisfy service upon UTHSCH. *See id.* at 617–18.

A healthcare-liability claim is a theory of a health-care provider's liability. *Puls v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.,* 92 S.W.3d 613, 617 (Tex. App.-Dallas 2002, pet. denied). We disagree with appellees' statement that "there is only one health care claim" and only one 120–day time period during which they could have served the expert reports.

On the contrary, the applicable time period began with regard to UTHSCH when appellees first filed claims against UTHSCH. Nothing precludes a plaintiff from bringing additional claims within the limitations period and then furnishing an expert report within the deadline as to the additional claims. *Id.* at 618 (citing *Marquez v. Providence Mem'l Hosp.,* 57 S.W.3d 585, 588 (Tex.App.-El Paso 2001, pet. denied) (describing amendments to petition alleging medical malpractice causes of action and deadline for expert report as to new defendants)).

## Conclusion

Evidence that appellees served a separate defendant in compliance with section 74.351 is insufficient to comply with the service requirements as to UTHSCH. Further, evidence that UTHSCH was furnished a copy of an expert report by someone other than appellees prior to UTHSCH's becoming a party to the lawsuit does not establish appellees' compliance with section 74.351(a). Because appellees failed to serve a copy of the expert report upon UTHSCH as mandated by section 74.351(a), the trial court was required to dismiss their claims with prejudice under section 74.351(b). Accordingly, we reverse the order denying UTHSCH's motion to dismiss and remand the cause for further proceedings consistent with this opinion.