Opinion issued December 19, 2008
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00199-CV
____________

RAYMON POLAND, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF JESSIE POLAND, ROBERT
MARTIN, and FRANK MARTIN, Appellants

V.

DAVID OTT, Appellee




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2006-38894(c)



 
OPINION CONCURRING IN THE DENIAL
OF EN BANC CONSIDERATION

          Most of the arguments raised in the opinion dissenting from the denial of en
banc consideration have already been addressed in the Court’s opinion of December
19, 2008, and I refer the reader to the Court’s discussion of those issues in that
opinion. See Poland v. Ott, No. 01-07-00199-CV, 2008 WL ____, at * __ (Tex.
App.—Houston [1st Dist.] Dec. 19, 2008, no pet. h.). I write briefly to address two
specific arguments raised in the dissenting opinion.
          First, the dissenting opinion opines that the term “serve” in former section
74.351(a)


 means only “to ‘make legal delivery of (a notice or process)’ and to
‘present (a person) with a notice or process as required by law.’” Poland, 2008 WL
____, at * __ (Jennings, J., dissenting) (quoting Black’s Law Dictionary 1372 (7th
ed. 1999)). However, as explained in the Court’s opinion, that definition would in
effect take us back to the language of former section 74.351(a)’s predecessor, which
does not apply to this case. Former section 74.351(a)’s predecessor required only that
the claimant “furnish” the expert report. See Act of May 5, 1995, 74th Leg., R.S., ch.
140, § 1, 1995 Tex. Gen. Laws 985, 986, repealed and recodified as amended by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875. 
Of course, as the Herrera and Gutierrez courts concluded, we should presume that
in changing the requirement from “furnish” to “serve,” the Legislature intended to
require something more than simply the provision of the expert report by any means
whatsoever. See Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez, 237 S.W.3d
869, 872 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); Herrera v. Seton
Northwest Hosp., 212 S.W.3d 452, 458–59 (Tex. App.—Austin 2006, no pet.).
          Second, the dissenting opinion reasons:
Nothing in former section 74.351(a) precludes a claimant from serving
an implicated physician or health care provider with her expert report
and curriculum vitae along with an original petition[


] or prior to the
actual filing of such a claim in court in an effort to reach a settlement. 
When a claimant does serve her expert report on an implicated
physician or health care provider along with the filing of her health
care liability claims prior to filing those claims in court, then a
defendant certainly can object to the report not later than 21 days after
being served with the petition.

Poland, 2008 WL ____, at * __ (Jennings, J., dissenting) (emphasis added). The
problem with this reasoning is that the plain language of former section 74.351(a)
does not allow it. Former section 74.351(a) provides:
          § 74.351. Expert Report
(a)In a health care liability claim, a claimant shall, not later than the
120th day after the date the claim was filed, serve on each party or the
party’s attorney one or more expert reports, with a curriculum vitae of
each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted. The date for serving the
report may be extended by written agreement of the affected parties. 
Each defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the
sufficiency of the report not later than the 21st day after the date it was
served, failing which all objections are waived.

See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847,
875 (emphasis added), amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635,
§ 1, 2005 Tex. Gen. Laws 1590, 1590 (current version at Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a)). By its plain language, former section 74.351(a) thus ties
the deadline for the defendant’s filing and serving its objection to the expert report
to the date of service of the report on the defendant, not to the date that the defendant
is served with the petition that alleges a claim against him. See id. Accordingly, even
if former section 74.351(a) allowed the provision of an expert report to a defendant
before the filing of a claim against him to suffice as “service” (which it does not), the
defendant would have to “file and serve” his objections to that report not later than
21 days after that report was “served” on him presuit. The potential ambiguity arising
from this predicament, as well as the fact that no cause exists presuit in which to file
anything, are two of the reasons that the Court has held in this case that section
74.351(a) does not contemplate presuit provision of an expert report to suffice as
“serv[ice]” of the report.
          With these comments, I concur in the decision of the Court to deny en banc
consideration in this case.
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Appellants moved for rehearing to the panel and for en banc reconsideration to the
Court. See Tex. R. App. P. 49.1, 49.7.

The panel denied the motion for rehearing addressed to it, leaving pending the motion
for en banc reconsideration, which maintained the Court’s plenary power over the
case. See Tex. R. App. P. 19.1, 49.3.

During the pendency of the motion for en banc reconsideration, the Court sua sponte
withdrew its opinion and judgment issued January 31, 2008, thus rendering moot the
motion for en banc reconsideration. Cf. Brookshire Brothers, Inc. v. Smith, 176
S.W.3d 30, 41 n.4 (Tex. App.—Houston [1 Dist.] 2004, pet. denied) (op. on reh’g).

After the Court’s withdrawal of its January 31, 2008 opinion and judgment, during
the pendency of the Court’s plenary power over the case, and before another opinion
and judgment had issued in the case, en banc consideration was requested from within
the Court. See Tex. R. App. P. 41.2(c).

Chief Justice Radack and Justices Taft, Nuchia, Jennings, Keyes, Alcala, Hanks,
Higley, and Bland, participated in the vote to determine en banc consideration.

A majority of the Justices of the Court voted to deny en banc consideration. See id.
Justice Taft, concurring in the denial of en banc consideration. See Tex. R. App. P.
47.5.

Justice Jennings, joined by Justice Bland, dissenting from the denial of en banc
consideration. See id.