**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00455-CV

————————————

**AREEZO  DANESHVAR, Appellant**

**V.**

**DR. YAMUNA POORNIMA JALADANKI AND DR. AGNES EZIKE, Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-65457**

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant Areezo Daneshvar challenges the trial court's grant of appellees Dr. Yamuna Poornima Jaladanki and Dr. Agnes Ezike's (collectively, the Doctors) motions to dismiss Daneshvar's healthcare liability claims. We affirm.

## Background

On October 13, 2020, Daneshvar filed suit against the Doctors, alleging that she suffered permanent heart damage after the Doctors failed to timely recognize that she was having a heart attack. Daneshvar then filed two expert reports with the trial court on February 2, 2021, before the Doctors were served with process or otherwise appeared in the action. Dr. Ezike claims Daneshvar did not serve her with the citation and petition until March 8, 2021. Counsel for Dr. Jaladanki accepted service of Daneshvar's amended petition on April 1, 2021.[1]

Dr. Ezike answered Daneshvar's complaint on March 18, 2021; Dr. Jaladanki answered on April 23, 2021. Thereafter, on November 12, 2021, the Doctors filed separate motions to dismiss Daneshvar's claims with prejudice on the grounds that Daneshvar did not properly serve her expert reports. In their motions, the Doctors argued that filing an expert report with the district court clerk did not satisfy Texas Civil Practice and Remedies Code section 74.351(a)'s service requirement. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

Daneshvar filed her responses to the Doctors' motions on January 13, 2022, arguing that because the Doctors admittedly had knowledge of the expert reports, and were not harmed by any failure to serve the reports, she satisfied the "spirit and purpose" of section 74.351(a).

---

[1] Dr. Jaladanki claims no expert report was referenced or attached at that time.

The court held a hearing on the motions on January 14, 2022. After additional briefing, the trial court entered an order dismissing Daneshvar's claims against the Doctors with prejudice on May 13, 2022. Daneshvar appeals.

**Dismissal Under Section 74.351**

In her sole issue, Daneshvar argues that the trial court erred in granting the Doctors' motions to dismiss because the filing of her expert reports with the court clerk equates to service under section 74.351(a), and the Doctors had knowledge of the expert reports.[2] We disagree.

**A.     Standard of Review**

We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *Amer. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (applying former Medical Liability and Insurance Improvement Act of Texas, TEX. REV. CIV. STAT. art. 4590i, § 13.01(d), (e)); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 871 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). We defer to the trial court's factual determinations if they are supported by the record and review de novo questions of law involving statutory interpretation. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Univ. of Tex. Health Sci. Ctr. at Hous. v. Joplin*, 525 S.W.3d 772, 776 (Tex.

---

[2]     A representative of Dr. Jaladanki's attorney admittedly accessed the expert reports online. Dr. Ezike's attorney contends that he did not access the expert reports but was aware of their existence.

3

App.—Houston [14th Dist.] 2017, pet. denied). The ruling under review in this case concerns a purely legal question—whether the filing of an expert report with the court clerk comports with the service requirement of the Texas Medical Liability Act (TMLA). *See Gutierrez*, 237 S.W.3d at 871; *see also Rinkle v. Graf*, 658 S.W.3d 821, 823 (Tex. App.—Houston [14th Dist.] 2022, no pet.). We review questions of law de novo. *Gutierrez*, 237 S.W.3d at 871.

**B.     Governing Law**

A claimant must satisfy the expert report requirements of the TMLA to proceed with a health care liability claim. *Rinkle*, 658 S.W.3d at 824–25 (quoting *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 61 n.1 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)). Section 74.351 provides, in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties.

TEX. CIV. PRAC. & REM. CODE § 74.351(a). The Texas Supreme Court has explained that the expert report requirement serves a dual purpose: (1) to inform the defendant of the specific conduct questioned by the plaintiff; and (2) to provide a basis for the trial court to find the claims meritorious. *Hebner v. Reddy*, 498

4

S.W.3d 37, 41 (Tex. 2016). "[K]nowing what specific conduct the plaintiff's experts have called into question is critical to both the defendant's ability to prepare for trial and the trial court's ability to evaluate the viability of the plaintiff's claims." *Palacios*, 46 S.W.3d at 877.

"[S]trict compliance with this provision is mandatory." *Rinkle*, 658 S.W.3d at 825 (citing *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Joplin*, 525 S.W.3d at 778; *Callas*, 497 S.W.3d at 63–64). If a plaintiff fails to serve his expert report within the 120-day deadline prescribed by section 74.351, the trial court must dismiss the claim with prejudice. TEX. CIV. PRAC. & REM. CODE § 74.351(b).

## C. Service Requirement

Although section 74.351 does not define "serve," Texas courts (including this one) have interpreted the Legislature's use of the word to mean Texas Rule of Civil Procedure 21a service. *See e.g.*, *Stockton*, 336 S.W.3d at 615; *Gutierrez*, 237 S.W.3d at 872; *Rinkle*, 658 S.W.3d at 825. Rule 21a provides for four methods of service: (1) in person, by agent, or by courier receipted delivery; (2) certified or registered mail to the party's last known address; (3) telephonic document transfer to the recipient's current telecopier number; or (4) by such other manner as the court in its discretion may direct. TEX. R. CIV. P. 21a.

Daneshvar does not argue that she attempted service under any method outlined in rule 21a. Instead, she asks us to hold that because the reports were

5

"delivered and received" prior to the 120-day deadline, she effectively satisfied section 74.351's service requirement. More specifically, Daneshvar points to the fact that at least one of the Doctors accessed and downloaded the expert reports from the district clerk's website within the operative timeframe.

We have previously held that "filing an expert report with the district clerk does not satisfy 'service' on a party under section 74.351(a)." *Acosta v. Chheda*, No. 01-07-00398-CV, 2007 WL 3227650, at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, pet. denied) (mem. op.). In *Acosta*, we rejected the appellant's argument that her expert report was timely served because it was filed in the trial court contemporaneously with her petition, noting that section 74.351(a) expressly required she "serve" the report "*on each party or the party's attorney*" within the 120-day period. *Id.* (emphasis in original) (citing *Quint v. Alexander*, 03-04-00819-CV, 2005 WL 2805576, at *2–3 (Tex. App.—Austin Oct. 28, 2005, pet. denied) (mem. op.)). Because the appellant failed to serve the doctor or the doctor's attorney within the relevant timeframe, we affirmed the trial court's dismissal for failure to comply with section 74.351(a). *Id.* at *3.

More recently, the Fourteenth Court of Appeals decided *Rinkle*, which concerns virtually identical facts. *See* 658 S.W.3d 821. There, the appellants sued a physician pursuant to the TMLA. *Id.* at 824. Just like Daneshvar, the appellants filed a copy of their expert report with the court before the physician had been

served or appeared in the lawsuit. *Id*. The appellants in *Rinkle* likewise did not attempt to effectuate service by any method outlined in rule 21a. *Id*. at 826. Rather, the appellants argued, as Daneshvar does here, that "[the physician's] lawyers had delivery and actual knowledge of the expert report because [the physician's] lawyers accessed the document on the district clerk's website." *Id.*

In rejecting the appellants' argument, the *Rinkle* court first noted that several courts across the state "have already concluded that filing an expert [report] with the court clerk does not satisfy the requirements of Rule 21a or section 74.351(a)." *Id.* (citing *Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex. App.—El Paso 2012, no pet.); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.3, 853–54 (Tex. App.—Texarkana 2006, no pet.); *Acosta*, 2007 WL 3227650, at *2); *see also Hogue v. Steward*, No. 11-21-00124-CV, 2022 WL 16640834, at *3 (Tex. App.—Eastland Nov. 3, 2022, no pet.) (mem. op.) ("filing an expert report with the trial court clerk does not constitute service of the report as required by Section 74.351(a)"); *Quint*, 2005 WL 2805576, at *2–3 ("Quint's filing of the report with the district clerk did not satisfy section 74.351(a)'s service requirement").

The *Rinkle* court went on to distinguish the cases relied upon by the appellants, all of which involved some effort to serve the defendant with an expert report in accordance with rule 21a. *See Rinkle*, 658 S.W.3d at 827. Similarly, here, the cases relied upon by Daneshvar concern attempts at rule 21a service. *See*

*Zanchi*, 408 S.W.3d at 380 (holding that service of health care provider *by certified mail* after the complaint was filed but before provider was served with process satisfied prior version[3] of section 74.351(a)); *Hebner*, 498 S.W.3d at 38–39 (holding that pre-suit service of expert report *via certified mail* satisfied section 74.351(a)). In the instant case, however, Daneshvar made no such attempt. Instead, she relies upon the fact that the Doctors independently located the reports on the district court's website. No case holds that this is sufficient under section 74.351(a). "The plain language of the TMLA places the burden on the claimant to serve the report, not on the defendant to find the report." *Rinkle*, 658 S.W.3d at 827.

We hold that Daneshvar failed to "serve" her expert reports as required by section 74.351(a). Filing the expert reports with the trial court clerk, without more, does not constitute service. *See id.* at 826–28; *Hogue*, 2022 WL 16640834, at *3; *Breiten*, 365 S.W.3d at 832; *Acosta*, 2007 WL 3227650, at *2; *Thoyakulathu*, 192 S.W.3d at 851 n.3, 853–54; *Quint*, 2005 WL 2805576, at *2–3.

---

[3]     In 2013, the Legislature amended section 74.351(a) of the Texas Civil Practice and Remedies Code to require each health care liability claimant to serve an expert report "not later than the 120th day after the date *each defendant's original answer* is filed." *See* Act of May 26, 2013, 83rd Leg. R.S., ch. 870, § 2 (emphasis added).

Under the earlier version, health care liability claimants were required to serve an expert report on each health care provider defendant no later than 120 days after filing their initial petition. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 TEX. GEN. LAWS 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE § 74.351).

**D.  Waiver of Right to Seek Dismissal**

Daneshvar also argues that the Doctors waived any right to seek dismissal under section 74.351(b) because they "proceeded with discovery . . . as if the reports had been properly served." The *Rinkle* court rejected a similar argument, noting that although "gamesmanship in TMLA suits has been denounced by Texas courts," the physician did not have a responsibility to inform the appellants of their noncompliance with section 74.351(a). *Rinkle*, 658 S.W.3d at 827 n.5 (citing *Joplin*, 525 S.W.3d at 782 ("The statute contains no exception based on the purported unprofessional conduct of opposing counsel or the alleged failure of opposing counsel to point out a service mistake.")).

Further, we conclude that Daneshvar has failed to demonstrate an "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right" as required to support waiver. *See Mem. Hermann Hosp. Sys. v. Hayden*, No. 01-13-00154-CV, 2014 WL 2767128, at *4 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. denied) (mem. op.) (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156–57 (Tex. 2003)). In *Hayden*, this court held that, considering the totality of the circumstances, the hospital waived its right to seek dismissal for failure to file an expert report after it "actively engaged in extensive trial preparations," moved for summary judgment, propounded multiple sets of discovery to the plaintiff, participated in ten fact and expert witness depositions

(the majority of which were initiated by the hospital), completed discovery, moved for a trial setting, and announced ready for trial on two occasions. *Id.* at \*9. Further, the hospital waited 670 days after the plaintiff's amended petition to move for dismissal.[4] *Id.* at \*3.

Here, however, at the time that the Doctors moved to dismiss Daneshvar's claims, the parties had engaged in some limited written discovery, discussed scheduling party depositions and the provisions of an agreed scheduling order, and agreed to a trial continuance. No depositions had been taken. Further, Dr. Jaladanki moved to dismiss 83 days after Daneshvar's deadline for serving an expert report, and Dr. Ezike waited 149 days. This conduct does not amount to waiver. *See Jernigan*, 111 S.W.3d at 155 (no waiver found where physician did not object to expert report for over 600 days, engaged in discovery, filed summary judgment motion on other grounds, and amended answer to remove references to plaintiff's failure to follow statutory prerequisites to suit); *see also Jalaram Med Spa, Inc. v. Durbin*, No. 14-21-00060-CV, 2023 WL 1460539, at \*10 (Tex. App.—Houston [14th Dist.] Feb. 2, 2023, pet. filed) (mem. op.) ("[T]o establish an intent to waive the right to dismissal under section 74.351, a defendant's silence or inaction must be inconsistent with the intent to rely upon the right to dismissal.").

---

[4]     *Hayden* involved the prior version of section 74.351(a). *See Hayden*, 2014 WL 2767128, at \*1 n.2 (discussing which version of statute applied to that case and distinctions between them).

Considering the undisputed facts in this case, we determine that the Doctors did not waive their right to seek dismissal of Daneshvar's health care liability claim under section 74.351. We overrule Daneshvar's sole issue.

## Conclusion

Having found no error in the trial court's grant of the Doctors' motions to dismiss, we affirm the order of the trial court.


                                                  Amparo Guerra
                                                  Justice

Panel Consists of Chief Justice Adams and Justices Guerra and Farris.