Opinion filed February 8, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00027-CV

_____

**ABILENE REGIONAL MEDICAL CENTER AND BRIAN GANESH, M.D., Appellants**

**V.**

**EUGENIA FAE PIERCE, INDIVIDUALLY, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ELTON PIERCE, Appellee**

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 51319-A**

### O P I N I O N

In this interlocutory appeal from the trial court's denial of the motions to dismiss filed by Appellants, Abilene Regional Medical Center and Brian Ganesh,

M.D.,[1] we must decide, among other things, whether a healthcare liability claimant complies with the Texas Medical Liability Act's (TMLA) expert report service requirements if the claimant only *files* her expert report and curriculum vitae (CV) with the trial court clerk but fails to *serve* a copy of her report and CV upon the affected healthcare providers for which claims have been asserted, even if the healthcare providers are purportedly aware, or could have been aware, that said report and CV exist.[2]

In this case, Appellants alleged in their motions to dismiss that Appellee failed to timely *serve* them with an expert report and CV as required by Section 74.351(a) of the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2023). After a hearing, the trial court denied Appellants' motions. On appeal, Appellants argue that the trial court abused its discretion when it denied their motions because the record conclusively shows that Appellee did not comply with the TMLA's expert report service requirements. We reverse and render.

I. *Factual and Procedural Background*

Elton Pierce was admitted to Abilene Regional Medical Center on May 3, 2020, for the treatment of acute abdominal pain; after his admission he was diagnosed with acute pancreatitis.[3] On May 6, 2020, during his hospitalization, Elton suffered a cardiac arrest and died. On May 3, 2022, Appellee, Eugenia Fae Pierce, in her individual and representative capacities, electronically filed the underlying medical malpractice suit against Appellants with the Taylor County

---

[1]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2023).

[2]Section 74.351(a) mandates that an expert report *and* a curriculum vitae of each expert identified in the report must be *served* on each affected healthcare provider. CIV. PRAC. & REM. § 74.351(a). For simplicity in this opinion, we may, at times, refer to this dual requirement as "the expert report(s)."

[3]In addition to these maladies, Elton had a history of other ailments for which he had sought treatment: pancreatitis, daily alcohol abuse, acute kidney injury, hypertriglyceridemia, and hypertension.

District Clerk, via the district clerk's electronic filing manager, alleging that Appellants' combined negligence caused Elton's death.[4] Attached to her original petition were four exhibits—the expert reports and CV of Terrence Shaneyfelt, M.D. and Claudia Estrada, R.N. Eugenia's petition also states: "[P]ursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, [Eugenia] hereby serves on [Appellants] the [attached] expert report[s] and curriculum vitae."

An automated/e-filed certificate of service, which in sequence followed the electronically filed original petition, only listed the contact information for Eugenia's counsel of record. However, there is no such automated/e-filed certificate of service for the four exhibits that were attached to her petition. On May 5, 2022, returns of service were filed in this case with the Taylor County District Clerk indicating that only Eugenia's original petition, and not the expert reports and CV, had been personally delivered to Appellants the day before via a process server.

Dr. Ganesh answered Eugenia's suit and filed a plea in abatement on May 27, 2022; Abilene Regional filed its answer and a plea in abatement on May 31, 2022. Thus, Eugenia had 120 days from these respective dates in which to serve each Appellant with her expert reports and CV. *See* CIV. PRAC. & REM. § 74.351(a). On September 30, 2022, after Eugenia's 120-day deadline to serve her expert reports and CV on either Appellant had expired, Dr. Ganesh filed his motion to dismiss Eugenia's suit with prejudice. *See id.* § 74.351(b). In his motion, Dr. Ganesh asserted that, as of the date his motion was filed, he had not been *served*, consistent with the service requirements of Rule 21a of the Texas Rules of Civil Procedure, with Eugenia's expert reports and CV. On November 7, 2022, Abilene Regional filed a similar motion and raised the same arguments.

---

[4]Eugenia filed suit in her individual and representative capacities and alleged that (1) Abilene Regional Medical Center was liable for the actions of its physicians and nurses and (2) Dr. Ganesh was liable for his actions.

Eugenia responded to Appellants' motions and contended that (1) Rule 21a should be liberally construed and (2) even if her expert reports and CV had not been served on Appellants in compliance with Rule 21a, the reports and CV were contained in the Taylor County District Clerk's file (because they were filed with and referred to in her original petition) and were thus accessible and available to Appellants. As such, Eugenia averred that Appellants had, at least, constructive notice or possession of her expert reports and CV and their filing. After a hearing, the trial court denied Appellants' motions. This appeal followed.

## II. *Analysis*

In their sole issue on appeal, Appellants contend that the trial court abused its discretion when it denied their motions to dismiss because (1) the record conclusively shows that Eugenia did not timely *serve* her expert reports and CV on Appellants within the TMLA's 120-day statutory deadline and (2) in the absence of serving her reports and CV on Appellants, merely *filing* the expert reports and CV with the Taylor County District Clerk does not constitute either notice to them of the reports' service or existence, or Eugenia's compliance with the TMLA's expert report service requirements.

### A. *Standard of Review*

We review the trial court's denial of a motion to dismiss a healthcare liability claim for an abuse of discretion. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010)). It is axiomatic that the trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). As we have noted:

> When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. Nor may a reviewing court set aside the trial court's determination unless it is clear from the record that the trial court could

4

only reach one decision. On the other hand, our review of a trial court's determination of the legal principles controlling its ruling is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.

*Kendrick v. Garcia*, 171 S.W.3d 698, 703 (Tex. App.—Eastland 2005, pet. denied) (internal citations omitted) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992)). Thus, we defer to the trial court's factual determinations, if any, if they find support in the record, and we review de novo questions of law that involve statutory interpretation. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

In the matter before us, the trial court's ruling and the resolution of this appeal concerns the application of a question of law—whether *filing* an expert report and CV with the trial court clerk, without more, comports with and satisfies the expert report service requirements of the TMLA.

B. *The Expert Report Service Requirements of the TMLA*

To proceed with a healthcare liability claim, the TMLA requires that a healthcare liability claimant, such as Eugenia, comply with the Act's expert report service requirements—the claimant must *serve* an expert report, along with the expert's CV, upon each healthcare liability defendant named in the underlying suit within 120 days after each defendant files its answer. CIV. PRAC. & REM. § 74.351(a); *see Loaisiga v. Cerda*, 379 S.W.3d 248, 252 (Tex. 2012). The TMLA's expert report service requirements, of which there are no ambiguities, serve a dual purpose: (1) to inform the served healthcare provider of the specific conduct that the claimant has questioned; and (2) to provide a basis for the trial court to determine whether the claims asserted by the claimant have merit. *Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016).

5

Section 74.351(a) does not provide for either an "accident or mistake" or a "good faith" exception to the TMLA's mandatory 120-day service requirement. *Kendrick*, 171 S.W.3d at 704–05. In fact, and despite the perceived harshness of certain results that may flow from the implementation of this deadline, *strict compliance* with Section 74.351(a)'s mandatory service provision is required. *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Rinkle v. Graf*, 658 S.W.3d 821, 825 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (collecting cases); *Kendrick*, 171 S.W.3d at 704. Consequently, the trial court, if requested by an affected physician or other healthcare provider, must dismiss the claimant's suit with prejudice if the claimant fails to serve her expert report(s) upon them within the prescribed 120-day deadline. CIV. PRAC. & REM. § 74.351(b); *see Zanchi*, 408 S.W.3d at 376.

Although the term "serve" is not defined in the TMLA, the context in which the term is used in Section 74.351(a) is synonymous and consistent with the methods of service that are required by and enumerated in Rule 21a of the Texas Rules of Civil Procedure. *See Stockton*, 336 S.W.3d at 615–16; *Rinkle*, 658 S.W.3d at 825; *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.); *Kendrick*, 171 S.W.3d at 703–04; *see also Quint v. Alexander*, No. 03-04-00819-CV, 2005 WL 2805576, at *2–3 (Tex. App.—Austin Oct. 28, 2005, pet. denied) (mem. op.). As such, a method of service designated by Rule 21a must be utilized and occur in order for one to comply with and effectuate the purpose of Section 74.351(a). *See Stockton*, 336 S.W.3d at 615–16; *Rinkle*, 658 S.W.3d at 825; *Gutierrez*, 237 S.W.3d at 872, *Herrera*, 212 S.W.3d at 459; *Kendrick*, 171 S.W.3d at 703–04; *see also Quint*, 2005 WL 2805576 at *2–3. In that regard, Rule 21a provides that service may be accomplished by the following methods: (1) through an electronic filing manager if the e-mail address of

the party or the party's duly authorized agent or attorney of record to be served is on file with the electronic filing manager; (2) in person; (3) by mail; (4) by commercial delivery service; (5) by facsimile; (6) by e-mail; or (7) by any other means that the trial court, in its discretion, may direct. TEX. R. CIV. P. 21a(a).

### 1. *Service by Eugenia was Insufficient*

Unique methods of service have evolved from the advent of electronic filing. Pursuant to Rule 21a(a)(1), a document that is *filed* electronically pursuant to Rule 21 *must* also be *served* electronically via the electronic filing manager; however, electronic service of a document may only be accomplished if the party to be served, or the party's authorized agent or attorney of record, is included and designated on the electronic filing manager's service list. *See* TEX. R. CIV. P. 21a(a)(1). If electronic service cannot be used or accomplished because the e-mail address of the party to be served, or the party's authorized agent or attorney of record, is not on file, the document may then be served by using any of the means listed in Rule 21a(a)(2). *See* TEX. R. CIV. P. 21a(a)(2). Appellants assert that neither they nor their attorneys of record or other authorized agent were included on the Taylor County District Clerk's electronic filing manager's service list for this case when Eugenia's expert reports and CV were electronically filed with her original petition, thus, electronic service of the reports and CV was not effectuated. As such, to show that her reports and CV were properly served on Appellants, Eugenia must have complied with any of the "non-electronic" methods of service designated in Rule 21a(a)(2).

In response to Appellants' assertion that they were not timely served with her expert reports and CV, Eugenia contends that a presumption of timely and proper service exists because her original petition's certificate of service states that "these exhibits—the expert reports and the CVs are incorporated therein and attached as exhibits" to her petition, therefore, Appellants effectively received and had *notice* of

7

her expert reports and CV when they were served with her petition. If a question exists as to whether proper service occurred, "[a] certificate by a party or [the party's] attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a(e); *see also Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). Such prima facie evidence creates a presumption of service. *Mathis*, 166 S.W.3d at 745; *see also In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009). Nevertheless, "[t]he presumption of service under Rule 21a 'is not evidence and it vanishes when . . . evidence [to the contrary] is introduced that [a document] was not received.'" *In re E.A.*, 287 S.W.3d at 5 (quoting *Cliff v. Huggins*, 724 S.W.2d 788, 780 (Tex. 1987)).

Here, there is no presumption of proper service of the expert reports because (1) Eugenia's original petition does not include a certificate of service, and (2) the process server's affidavit and returns of service—the contents of which alone should have alerted Eugenia to the service deficiencies—state that only Eugenia's original petition was served on and delivered to Appellants, not her expert reports or their CVs. Thus, there is no evidence that her expert reports were *served* on Appellants or Appellants' counsel of record in a manner prescribed by Rule 21a. *See Kendrick*, 171 S.W.3d at 704 (only the methods of service authorized by Rule 21a will suffice for purposes of service under Section 74.351(a)). Nor can Eugenia create a presumption of valid service because the evidence she presents only shows that her expert reports were *filed* with the Taylor County District Clerk and not *served* on Appellants. Nevertheless, even if the presumption was in play, Appellants' verified denials and the undisputed evidence that they presented in support of their motions to dismiss—Dr. Ganesh's affidavit that Appellants were only served with and received copies of Eugenia's original petition, and not the expert reports or CVs—rebuts the presumption.

8

Eugenia's efforts to serve her expert reports and CV upon Appellants via electronic means were deficient and not compliant with Rule 21a(a)(1) because neither Appellants nor their attorneys were included on the Taylor County District Clerk's electronic management system's service list for this case at the time the expert reports and CV were electronically filed. Further, Eugenia's service efforts under Rule 21a(a)(2) were equally deficient because only her original petition, and not the expert reports or CVs, was served on and delivered to Appellants. Therefore, because Eugenia's expert reports were not timely *served* on Appellants in a manner consistent with Rule 21a, by electronic means or otherwise, we conclude, on that basis, that Eugenia failed to comply with the expert report service requirements mandated by Section 74.351(a).

2. *What Constitutes Service and Notice of the Expert Reports*

Despite Eugenia's failure to timely and properly serve Appellants with her expert reports and their CVs, she nonetheless argues that her reports were effectively *served* on Appellants and that she provided adequate "notice" to them of the reports' filings because (1) they were aware, or should have been aware, that her reports existed in that she "referred" to the reports and CVs in the body of her original petition that they were served with, or (2) they had constructive knowledge or possession of her reports because they had access to the Taylor County District Clerk's portal and thus *could have* accessed and retrieved the reports. We disagree.

Eugenia's alternative "notice" argument is two-fold. First, she contends that by filing the experts reports and CVs with and "referring" to them in her original petition, alone—even though the reports were not included with the copies of the petition that were delivered to Appellants—constitutes sufficient *notice* to Appellants of the reports' existence and therefore qualifies as "service" under Rule 21a. In support, Eugenia relies on the dissenting opinion in *Poland v. Ott*, 278 S.W.3d 39, 60 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)—an opinion

9

in which the majority upheld the dismissal of the plaintiff's healthcare liability claim for failure to timely serve an expert report—and cases that pre-date the current version of the TMLA. However, the dissenting opinion in *Poland* and the other cases cited by Eugenia on this point are inapposite and unpersuasive.

Eugenia's second contention—that Appellants' ability to access her expert reports and CVs via the Taylor County District Clerk's portal constitutes sufficient service under Rule 21a—is equally unavailing. There is no dispute that Eugenia's expert reports were electronically filed with the Taylor County District Clerk simultaneously upon the filing of her original petition. However, and contrary to Eugenia's assertion, her expert reports and CVs were not *served* on Appellants as the TMLA requires. Indeed, and importantly, while a healthcare liability claimant need not *file* her expert reports with the trial court clerk, the claimant's expert reports and CVs must nonetheless be *served* upon the affected healthcare providers in accordance with Rule 21a and Section 74.351(a). *See* Civ. Prac. & Rem. § 74.351(a).

Despite Eugenia's contentions, we and some of our sister courts have held that *filing* an expert report with the trial court clerk, without more, neither constitutes service of the report nor does it satisfy the necessary service requirements under Rule 21a and Section 74.351(a). As such, an expert report is not timely and properly served on a party simply because the report is *filed* contemporaneously with the claimant's original petition—*strict compliance* with the service provision in Section 74.351(a) is mandatory, which expressly requires that the claimant must, irrespective of any filing with the trial court clerk, "serve" the *expert report and CV* "on each party or the party's designated attorney of record" within the prescribed 120-day period. *Hogue v. Steward*, No. 11-21-00124-CV, 2022 WL 16640834, at *3 (Tex. App.—Eastland Nov. 3, 2022, no pet.) (mem. op.); *Kendrick*, 171 S.W.3d at 704; *see also Daneshvar v. Jaladanki*, No. 01-22-00455-CV, 2023 WL 4356189,

10

at *2 (Tex. App.—Houston [1st Dist.] July 6, 2023, no pet.) (mem. op.); *Rinkle*, 658 S.W.3d at 826; *Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex. App.—El Paso 2012, no pet.); *Acosta v. Chheda*, No. 01-07-00398-CV, 2007 WL 3227650, at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, pet. denied) (mem. op.); *Gutierrez*, 237 S.W.3d at 871; *Herrera*, 212 S.W.3d at 455–56; *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.3, 853–54 (Tex. App.—Texarkana 2006, no pet.); *Quint*, 2005 WL 2805576, at *2–3. Thus, merely *filing* the report does not result in its *service*. We reaffirm that principle today. Nevertheless, our analysis does not end here.

Instead, we address these questions: Did Appellants have actual or constructive knowledge or possession of Eugenia's expert reports simply because they *could have* accessed the reports via the Taylor County District Clerk's portal? If so, was such knowledge sufficient to comply with and overcome the TMLA's expert report service requirements? The courts in *Daneshvar* and *Rinkle* addressed this argument and held that, in the absence of proper service, a healthcare provider's actual or constructive knowledge of an expert report's filing or its ability to locate the report on a district clerk's website is insufficient to establish service under Rule 21a or Section 74.351(a). *Daneshvar*, 2023 WL 4356189, at *3; *Rinkle*, 658 S.W.3d at 827 (citing *Univ. of Tex. Health Sci. Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Gutierrez*, 237 S.W.3d at 873–74. We agree with this rationale and conclude that a healthcare provider's alleged actual or constructive knowledge or possession of an expert report that has been *filed* with a trial court clerk, irrespective of whether the healthcare provider *could have* retrieved a copy, does not establish *service* of a healthcare liability claimant's expert report upon an affected healthcare provider or absolve the claimant of her responsibility to strictly comply with the TMLA's expert report service requirements. In this instance, neither Appellants' access to the Taylor

County District Clerk's portal nor the isolated reference to the expert reports in Eugenia's original petition constitute proper service of the reports under the TMLA.

The duty, which she cannot ignore, rested with Eugenia to timely and properly serve Appellants with her expert reports and CVs; Appellants had no obligation to either seek out or locate the reports and any purported efforts by them to do so is not tantamount to service of the reports under the TMLA.[5] *See Rinkle*, 658 S.W.3d at 827. Indeed, service and notice are distinct legal terms which have different meanings. Section 74.351(a) specifically refers to the service of or "serving" the claimant's expert reports on the affected parties, not to merely providing "notice" to them of the reports filing. *See* CIV. PRAC. & REM. § 74.351(a) ("[A] claimant shall . . . *serve* . . . one or more expert reports. . . . The date for *serving* the report may be extended.") (emphasis added). Therefore, providing *notice* of the filing of an expert report or that such a report exists, without more, is not sufficient to accomplish *service* under the TMLA.

As we have said, there must be *strict compliance* with Section 74.351(a)'s service requirements. *See Hogue*, 2022 WL 16640834, at *3; *Kendrick*, 171 S.W.3d at 704. Here, Eugenia failed to do so. Unfortunately, her good faith or mistaken belief that service of her reports had been properly effectuated on Appellants in this case cannot save her. *See Kendrick*, 171 S.W.3d at 704–05. Further, Eugenia cannot blame the actions, or alleged inactions, of the process server or the Taylor County District Clerk for her own failure to comply with Section 74.351(a)'s well-settled service requirements. Contrary to Eugenia's contention, what Appellants *could have* accessed or acquired is of no consequence. Nevertheless, even if they in some

---

[5]Although it could be argued that Appellants and/or their counsel engaged in gamesmanship by not advising Eugenia that they had not been properly served with her expert reports, such conduct is immaterial to our analysis because, in the context of service, the TMLA provides no exception for alleged "unprofessional conduct of opposing counsel or the alleged failure of opposing counsel to point out a service mistake." *See Joplin*, 525 S.W.3d at 782.

12

manner had accessed the reports, proper service was still not effectuated. *Rinkle*, 658 S.W.3d at 827–28.

### 3. *Harm Need Not be Shown if Proper Service has not been Effectuated*

Finally, Eugenia argues that Appellants must show that they were harmed by her failure to comply with Section 74.351(a). We disagree. If a healthcare liability claimant fails to comply with the TMLA's expert report service requirements, as Eugenia did here, the trial court *must* dismiss the claimant's suit with prejudice; the trial court has no discretion to act otherwise. *See* CIV. PRAC. & REM. § 74.351(b); *Zanchi*, 408 S.W.3d at 376. Such is the case here. Therefore, contrary to her suggestion, Eugenia cannot avoid dismissal, regardless of the harm, or the lack thereof, to Appellants.

## III. *This Court's Ruling*

In the healthcare liability context, unless the parties agree to extend the service deadline, Section 74.351(a) mandates that an expert report and CV must be served on the affected physician or healthcare provider no later than 120 days after their answer is filed. *Id.* § 74.351(a). The failure to timely and properly serve the report and CV in compliance with Section 74.351(a) within this 120-day window results in the dismissal of the claimant's suit with prejudice. *Id.* § 74.351(b)(2). Here, Eugenia failed to timely effectuate service of her expert reports and their CVs upon Appellants by any manner or method that is consistent with the service requirements of the TMLA and Rule 21a. Because the parties to this appeal did not agree to extend the deadline for service and because the only evidence in the record conclusively shows Eugenia's lack of compliance with the mandatory service requirements, there is no support for the trial court's implied finding—by its denial of Appellants' motions to dismiss—that Eugenia served Appellants with her experts reports and their CVs within the statutory deadline. Therefore, the trial court abused its

13

discretion when it denied Appellants' motions to dismiss, and Eugenia's suit must be dismissed with prejudice. *See id.*

We sustain Appellants' sole issue on appeal.[6]  Accordingly, we reverse the trial court's order denying Appellants' motions to dismiss and we render judgment dismissing Eugenia's suit against Appellants with prejudice. *See id.*


W. STACY TROTTER
JUSTICE


February 8, 2024

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[7]

Bailey, C.J., not participating

---

[6]We note that Appellants do not challenge the sufficiency of Eugenia's expert reports.

[7]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.