**Opinion issued March 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00920-CV

_____

## PRASLA PROPERTY, INC., NAVROZ K. PRASLA, MEDIA FILMS CRAFT, INC., AND NAVROZMEDIANETWORK, INC., Appellants

## V.

## SPARK WEALTH INVESTMENTS, LLC, Appellee

---

### On Appeal from the 400th District Court
### Fort Bend County, Texas
### Trial Court Case No. 24-DCV-319828

---

## CONCURRING OPINION

Regarding discretion, we're usually deferentially reviewing a trial court's exercise of it. But we do have some discretion related to things like extending appellate deadlines, allowing additional words in briefs, and whether to reinstate an appeal dismissed on procedural grounds while our plenary power exists.

On January 27, 2026, we properly dismissed this appeal after appellants failed to respond to our notice warning of dismissal if the filing fee was not paid. *See* TEX. R. APP. P. 42.3(b). Through a verified (albeit untimely) motion for rehearing and supporting verified reply, appellants presented evidence supporting that they (1) personally paid $1,447 for the clerk's record on January 27, 2026, which was filed with us the next day, (2) failed to pay the filing fee due to a lack of communication with prior counsel, and (3) intend to prosecute this appeal.

Things could've been handled better to keep this appeal on track. Even so, based on appellants' express desire to proceed, corroborated by their payment for the clerk's record on the day we dismissed the appeal (in an amount far more than the $205 filing fee), I'm for exercising our discretion before plenary power expires to give them a shot at the merits. *See Kuo v. Regions Bank*, 722 S.W.3d 15, 16 (Tex. 2025) (courts of appeals should avoid procedural default and reach the merits whenever reasonably possible). The Rules allow us to do so. *See, e.g.*, *Polinard v. Karambis*, No. 04-21-00251-CV, 2021 WL 4073301, at *1 (Tex. App.—San Antonio Aug. 30, 2021, no pet.) (order) (per curiam) ("[W]e issued an opinion and judgment dismissing this appeal for want of prosecution based on appellant's failure to pay the filing fee[.] Appellant thereafter paid the filing fee and requested reinstatement of the appeal, citing oversight by his counsel. Accordingly, on our own motion, we WITHDRAW our prior opinion and judgment . . . and REINSTATE this

appeal on our docket," citing TEX. R. APP. P. 19.1); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 870 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (withdrawing opinion and judgment sua sponte within plenary power, citing Rule 19.1).

No one should construe our order to promote defiance of the Rules. That would be a perilous interpretation. We routinely dismiss appeals for failures to file timely notices of appeal, to pay filing fees and for clerk's records, and to file briefs, and no one is guaranteed reinstatement.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Justice Johnson, concurring.

3